### MOORE v. STATE.   (No. 7466.)

(Court of Criminal Appeals of Texas. Dec. 20, 1922. Rehearing Denied Jan. 10, 1923.)

**1. Criminal law ⬅➡829(3)—Denial of additional charge held not error where subject adequately covered.**

The denial of special additional instructions authorizing the jury to convict for a misdemeanor if they found the value of property stolen to be less than $50 *held* not error where an instruction already given adequately informed the jury on that subject.

**2. Criminal law ⬅➡1037(2)—Prosecution's reference to accused as a burglar held not reversible error in absence of objection.**

Reference by the district attorney to the accused as a burglar *held* not reversible error in the absence of an effort to have the jury instructed to disregard it.

#### On Motion for Rehearing.

**3. Criminal law ⬅➡564(4), 1144(6) — Venue held sufficiently established and proof presumed where question is not raised.**

Testimony by the prosecuting witness that the property the theft of which was the subject of the indictment was taken out of his house in the city and county of D. *held* sufficient to establish the court's venue, and Code Cr. Proc. 1911, art. 938, provides that the appellate court is to presume proof of venue unless the question was made an issue in the trial of the case below.

Appeal from Criminal District Court, Dallas County; A. H. Mount, Special Judge.

Will Moore (alias Henry Lee) was convicted of theft, and he appeals. Affirmed.

John White and A. A. Long, both of Dallas, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J.   Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The commission of the offense by the appellant is established by sufficient evidence, the details of which it is deemed unnecessary to recite.

[1] The stolen property consisted of a hand bag, two suits of clothes, and other wearing apparel and a watch. The wearing apparel had been used, and there was evidence that its value exceeded $50. The question of value was embraced in a charge not materially different from the one approved by this court in the case of Cooksie v. State, 26 Tex. App. 80, 9 S. W. 58. It adequately informed the jury that, unless the proof established the value at $50 or more, the conviction should be of a misdemeanor, and not a felony. There was no error in refusing additional charges upon the same subject.

[2] There is evidence that the home of the owner of the property was burglarized and the property taken therefrom; that a short time thereafter it was found in the possession of the appellant, and no explanation of his possession of it was made. The district attorney in his argument referred to the appellant as a burglar. The complaint of the argument, we think, is without merit. Certainly it was not such an argument as under the facts in the instant case demands a reversal in the absence of an effort to have the jury instructed to disregard it.

The other bills of exceptions found in the record have been examined. No error is perceived, nor do they present any legal question which is regarded as requiring a discussion in this opinion.

*The judgment is affirmed.*

#### On Motion for Rehearing.

LATTIMORE, J.   [3] Appellant has filed a motion for rehearing based entirely upon the proposition that the state failed to establish the venue herein, and that the record fails to disclose any testimony showing that appellant committed any crime in Dallas county, Tex. In this appellant falls into error. We find in the testimony of Mr. Fort, the prosecuting witness, in testifying about the loss of his property, the theft of which forms the subject of this indictment, this statement:

"This was taken out of my house or premises, in the city and county of Dallas, on or about the 12th day of July, 1922."

In addition to the above we further observe that by the provisions of article 938 of our Code of Criminal Procedure, this court is directed to presume proof of venue unless the question of venue was made an issue in the trial of the case in the court below. Nothing in the record indicates that such

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

question was there made an issue, and, this being true, for the reasons above mentioned the motion for rehearing will be overruled.