Marshall **TAYLOR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44102.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John J. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a robbery by assault conviction where the punishment was assessed at 12 years.

The sufficiency of the evidence is not challenged by the brief filed by appellant's appointed counsel.

Appellant initially complains the court erred in admitting into evidence at the penalty stage of the bifurcated trial a prior misdemeanor conviction for unlawfully carrying a prohibited weapon as part of his "prior criminal record." This contention is based on the fact that the certified copies of the formal judgment and sentence pertaining to such conviction which were offered in evidence are silent as to counsel for the appellant at the time.

First, it is observed that no objection was urged at the time these documents were introduced, and no claim is advanced even now that at the time of such conviction the appellant was indigent, without counsel and did not waive the right of counsel, or that he was deprived of counsel in any manner. See Walling v. State, Tex.Cr.App., 437 S.W.2d 563, 565.

It is noted that at the time of such misdemeanor conviction (January 12, 1966) Article 26.04, Vernon's Ann.C.C.P., provided for the appointment of counsel for indigent defendants charged with misdemeanor punishable by imprisonment.

In light of the record, we find no merit in appellant's first contention.

 Next, appellant complains that a prior felony theft conviction for which he received probation was introduced as a part of his "prior criminal record" without any showing that his probation had been revoked.

No objection was addressed to the introduction of such conviction and appellant acknowledges that Glenn v. State, Tex.Cr.App., 442 S.W.2d 360, and Macias v. State, Tex.Cr.App., 451 S.W.2d 489, interpreting Article 37.07, Sec. 3(a), V.A.C.C.P. (1967), have been decided contrary to his contention. He asks, however, that this court re-evaluate the position it took in those cases. This we decline to do. The language of the statute is clear.

Lastly, appellant complains that he was improperly impeached by use of a prior misdemeanor conviction which did not involve moral turpitude.

On cross-examination at the guilt stage of the trial the appellant was asked, without objection, whether he was convicted in 1969 of "procuring." He answered in the affirmative.

It has been held that keeping a bawdy house, being a common prostitute or an inmate of a house of ill-fame, are all offenses involving moral turpitude. See 62 Tex. Jur.2d, Witnesses, Sec. 271, p. 243. We know of no reason why the same reasoning would not apply to procuring. We therefore hold that procuring is an offense involving moral turpitude and a final conviction therefor which is not too remote is

available for impeachment. See also Johnson v. State, Tex.Cr.App., 453 S.W.2d 828.

We have examined appellant's pro se brief and find the contentions there advanced to be without merit.

The judgment is affirmed.