John Edward WHALON, Appellant,

v.

The STATE of Texas, Appellee.

No. 67324.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 19, 1986.
Rehearing Denied Oct. 8, 1986.

Danny C. Wash, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Russell D. Hunt, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

A jury convicted appellant of felony theft, found the enhancement allegation in the indictment to be true, and assessed punishment at twenty years' confinement.

Appellant raises fourteen grounds of error along with several additional contentions alleged in his supplemental briefs. We will first address appellant's contentions that his right to a speedy trial under the Texas Speedy Trial Act and the Texas and United States Constitutions was violated.

Appellant was arrested on December 16, 1979. The State announced ready on Thursday, April 10, 1980, 115 days after arrest. The State filed a motion for continuance on April 14 and filed an amended motion on April 15. On Tuesday, April 15, the court held a hearing on the State's motion for continuance and on appellant's motion to dismiss on speedy trial grounds.[1] At the hearing the prosecutor testified that when he announced ready he had all of the evidence lined up, including statements from all of the witnesses. After he announced ready he issued subpoenas for all of his witnesses and learned that the complainant had moved out of state. In his motion for continuance he stated that he had contacted the complainant who told him that due to the unexpected hospitalization of the employee who would replace him, the complainant would be unable to testify until a week later than the week of April 14th. The case was originally set for trial on April 16. The State filed a motion for continuance on the same day, Monday, April 14, and then filed an amended motion for continuance on April 15, including more detail on the cause for the absence of the witness.

■ The court granted the State's motion for continuance and set the case for trial on April 28, because the court's docket was too crowded to try the case the very next week of April 21st.

The applicable portion of Art. 32A.02, Sec. 1 states: "A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within: (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony." The criminal action commenced on December 16, 1979, when appellant was arrested. The State announced ready on April 10, 1980, which

---

1. April 15 was the 120th day under Art. 32A.02 and if the State was proceeding to trial on that day it would be in compliance with Art. 32A.02.

Appellant's motion was heard after the State requested the continuance until the next week, which would put the case over the 120 day limit.

was 115 days after the commencement of the criminal action. An announcement of readiness for trial by the State within 120 days is a prima facie showing of compliance with Art. 32A.02, and the burden to rebut this showing then falls on appellant. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr. App.1979). Appellant contends that because a key witness for the State was not available to testify within the 120 days, he has rebutted the State's announcement of readiness for trial.

We agree with appellant that the State's announcement of ready was rebutted by the showing that the complainant in the case could not appear until the week of April 21st, which was after the 120 day limit. The burden thus shifts to the State to show that sufficient time is excludable under Art. 32A.02 to bring them within the 120 day limit. *Lloyd v. State*, 665 S.W.2d 472 (Tex.Cr.App.1984).

Appellant was indicted on March 27, 1980, and the case was set for trial on April 16. The State issued a subpoena for the witness on Friday, April 11, and discovered that the subpoena could not be served because the witness had moved to Oklahoma. The prosecutor stated that subpoenas were not issued earlier and no effort was made to contact witnesses because he already had statements from all his witnesses and mainly because the State waited until arraignment before issuing subpoenas in order to determine whether the case was going to trial.

Appellant was arraigned April 10. The State issued subpoenas the next day and then learned that the witness had moved out of state. The prosecutor then contacted the witness by telephone and learned that the witness would not be able to appear until April 21, the next week, due to the unexpected hospitalization of the one co-worker who would replace him. On April 14, the State requested a continuance and then amended the motion on April 15, stating that a material and essential witness was unavailable because the one co-worker who would replace him was unex-

pectedly hospitalized and no replacement could be procured until April 21st. The court granted the motion.

Art. 32A.02, Sec. 4(6)(A) states that the following period of time is excludable:

a reasonable period of delay resulting from a continuance granted at the request of the state if the continuance is granted: (A) because of the unavailability of evidence that is material to the state's case, if the state has exercised due diligence to obtain the evidence and there are reasonable grounds to believe the evidence will be available within a reasonable time;

Appellant contends that the State did not exercise due diligence in attempting to obtain evidence from a key witness, and that the time should not be excluded. Under Art. 32A.02, Sec. 4(6)(A) diligence is required in obtaining the evidence. Under these facts we cannot say that the State did not exercise due diligence to secure the presence of the witness. The prosecutor had all of the evidence, including witness statements and, apparently, addresses to contact witnesses. He thus announced ready. After issuing the subpoenas and discovering that a material witness could not be served because he was working out of state, the prosecutor located the witness, learned that because of unexpected circumstances at work, the witness could not appear until the next week. The prosecutor's actions to secure the presence of the witness—issuing the subpoena, and locating and contacting the witness as soon as possible after the subpoena could not be served—was diligent. Lack of diligence on the part of the State had no part in the witness's absence. The fact that the State delayed in indicting appellant and setting the case for trial until near the end of the statutory time limits for speedy trial did not affect the availability of the witness. The unexpected hospitalization of a replacement employee caused the witness to be unavailable. We hold that Sec. 4(6)(A) applies in the instant case and that the prosecutor used due diligence to secure the appearance of the witness within reasonable

time. Cf. *Canada v. State*, 660 S.W.2d 528 (Tex.Cr.App.1983).

Therefore, the time from the filing of the motion for continuance until the trial date is properly excluded from calculating the 120 day limit. Even if we consider April 15 as the date of filing, it was the 120th day after commencement of the criminal action. We exclude all the time from April 15 until appellant was actually tried on April 28. Thus, the State just met the 120 day limit and complied with Art. 32A.02. The ground of error is overruled.

Appellant also contends that his constitutional rights to a speedy trial were violated. After considering four factors often suggested as considerations we overrule appellant's ground of error.

■ The four factors are length of delay, reason for delay, defendant's assertion of the right, and prejudice to the defendant resulting from the delay. See *Hull v. State*, 699 S.W.2d 220 (Tex.Cr.App.1985); *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Appellant was tried within 133 days of his arrest. We doubt that this length of delay is sufficient to invoke constitutional considerations. However, assuming it is, the other factors clearly weigh against appellant. Appellant asserted his right at the time the statutory limits were reached and contends simply that he was prejudiced by the delay. There is no evidence of any prejudice. In fact, the delay may only have aided appellant. The record reflects that appellant requested the court to allow him time to locate certain witnesses and that the court offered to grant him a continuance to do so. Appellant refused the continuance. Appellant has not pointed to any prejudice and the record does not reflect any.

The State asserted a valid reason for the slight delay in trying appellant beyond the Texas Speedy Trial Act limitations and appellant shows no prejudice from the delay. When the four factors are balanced, they clearly weigh against appellant. The ground of error is overruled.

Appellant contends that the trial court erred in granting the State a continuance to secure the presence of the complainant because the State did not use due diligence required of them to secure the witness. See Art. 29.04, V.A.C.C.P.

The reasons for the continuance are set out in our discussion of appellant's speedy trial contention and we need not repeat them here. This is not a case of an uncooperative or unwilling witness. The witness was going to appear. The State contacted him after its subpoena was returned unserved. The continuance requested was for one week only and was filed as soon as the State learned that certain unexpected circumstances would prevent a key witness from appearing. The State complied with Art. 29.04. Additionally, the delay was brief and would not indefinitely delay the trial. See *Varela v. State*, 561 S.W.2d 186 (Tex.Cr.App.1978). Nor is there any suggestion or evidence that appellant was prejudiced in any way by the delay.

■ A motion for continuance rests in the trial court's discretion. *Taylor v. State*, 612 S.W.2d 566 (Tex.Cr.App.1981); *Corley v. State*, 582 S.W.2d 815 (Tex.Cr. App.1979). Based upon the facts in the instant case in which the State moved for a continuance at the earliest possible time, due to the unexpected absence of a material witness, we cannot say that the trial court abused its discretion in granting the continuance. The ground of error is overruled.

■ In his sixth ground of error appellant contends that the trial court erred in denying his motion for recess. The record shows that appellant moved for a temporary recess after the State rested its case. Appellant requested the recess for the purpose of locating two defense witnesses. The court denied the request.

The trial judge stated, for the record, that he had repeatedly offered appellant a continuance in order to locate the witness-

es. The record reflects that the court did so offer the appellant a continuance several times prior to trial, even on the day of trial. Appellant and his attorney refused the continuance on each occasion. The record also reflects that the investigator hired by appellant testified on April 25, 1980, just prior to trial on April 28, that the two witnesses sought by appellant were "on the run." Warrants had been issued for their arrest but at that time there was no information as to their whereabouts. He said only that they would "probably, eventually, be found."

We find it rather astounding that appellant turned down at least two offers of grants of continuances from the court for the purpose of locating defense witnesses and now complains that the court erred in refusing to grant a mid-trial "temporary recess" for the same purpose. Appellant had not produced any evidence that the witnesses could or would be found any sooner than previously mentioned.[2] The court did not err in denying appellant's mid-trial request for a recess. The ground of error is without merit.

Appellant contends that the trial court erred in denying his request for additional investigative fees. The record reflects that appellant filed his motion for additional investigative fees on May 6, 1980, after the trial had been concluded and three days before a hearing on his motion for new trial. However, there is no evidence that the motion was ever brought to the attention of the court to be ruled upon. No error is presented.

The trial court denied appellant's motion to suppress the identification of appellant by witnesses Ronnie Snapka and William Holland. Appellant contends that the in-court identification should have been suppressed because he was denied effective assistance of counsel at the lineup where both witnesses identified him. We find this contention to be without merit.

■ Counsel was appointed for appellant for the purposes of the lineup which was held on December 17, 1979. Appellant argues that because this counsel was appointed only for the purpose of the lineup and did not discuss the facts of the case with him, the representation was ineffective. The court held a hearing on appellant's motion to suppress. Appellant did not call the attorney who had represented him at the lineup to testify. However, Officer R.L. Tiner, a deputy sheriff with McClennan County Sheriff's Department, testified that he conducted the lineup on December 17. He said that Douglas Bergen, an attorney appointed by the judge to represent appellant at the lineup, personally approved each of the six other persons used in the lineup with appellant. The lineup was conducted the day after appellant was arrested, which was also the day after the offense occurred.

The purpose of counsel at the lineup is "the prevention of unfairness and the lessening of the hazards of eyewitness identification at the lineup itself." *United States v. Wade,* 388 U.S. 218, 235, 87 S.Ct. 1926, 1936–37, 18 L.Ed.2d 1149 (1967). Appellant's counsel at the lineup helped select and approved each person placed in the lineup. Appellant does not contend that the lineup itself was unfair or suggestive in any way. The record clearly reflects that the lineup was not suggestive or unfair and that the attorney representing appellant actively participated in insuring a fair proceeding. See *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973) and W. LaFave & J. Israel, 1 Criminal Procedure, Sec. 7.3(e) (1984). Although we accept appellant's assertion that he did not talk about the facts of the case with his attorney, we do not believe that in the instant case this deprived appellant of effective representation at the lineup, given the purpose and concerns of representation at a lineup and given the actions taken by appellant's attorney. Further, appellant's attorney at trial could certainly confer with the attorney present at the lineup to inform himself of what had occurred.

---

**2.** The fact that one of the witnesses was arrested several days later does nothing to change the correctness of the ruling.

In addition, the record shows that the lineup itself was not suggestive or unfair. And, finally, the witnesses stated and the court so found, that their identification of appellant was based upon viewing him prior to and during the commission of the offense and was not based upon viewing him in the lineup. Both witnesses had ample time and lighting in which to observe appellant, and immediately and readily identified him at the lineup the day after the offense. See *Hill v. State,* 692 S.W.2d 716 (Tex.Cr.App.1985); *Turner v. State,* 600 S.W.2d 927 (Tex.Cr.App.1980). The ground of error is overruled.

■ In his twelfth ground of error appellant alleges that the delay in appointing an attorney until March 31, 1980, and then proceeding to trial on April 28, denied appellant's attorneys time to properly prepare their case.

The record shows that counsel was appointed for appellant on March 31, 1980, that the notice was received in counsel's office on April 3, and that counsel saw the notice on April 7. Appellant was arraigned on April 10, at which time the judge told appellant's counsel that he would grant him additional time to prepare if he so desired. Counsel declined and announced ready for trial. Appellant was tried on April 28.

Art. 26.04, V.A.C.C.P. allows appointed counsel ten days to prepare for trial. In the instant case counsel had more than ten days and also declined a grant of additional time offered by the court. The ground of error is overruled.

■ Appellant challenges the sufficiency of the evidence to support his conviction, contending that the evidence does not prove beyond a reasonable doubt that he committed the offense and does not prove how much money was taken.

William Holland testified that on December 16, 1979 he operated a gas station on Interstate 35. About 1:30 or 1:45 p.m. a white Chevrolet containing appellant and another man pulled into his station. Appellant bought seventy-five cents worth of gas, paid for it with a ten dollar bill and then tried to short change Holland. Holland noted the license number of the car when the two men left.

A short time later Holland heard a transmission on the police scanner he had in his station. He recognized the description given as the car that appellant and his companion had been driving.

Ronnie Snapka testified that he was sixteen years old and that he worked at Stuckey's Pecan Shoppe on Interstate 35 in McClennan County near Waco and West. He said that on December 16, 1979, at about 1:45 p.m., a white Chevrolet pulled into the full service gas station at Stuckey's. Two black males, one of whom he identified as appellant, got out of the car. One of them put gas into the car and then both of them chatted outside together and went inside the shop. Appellant's companion went into the restroom while appellant looked at the souvenirs in the store. Appellant's companion then walked to the back and bought a hot dog at the snack bar.

Jeralyn Boortz was working at the snack bar at the time. She testified that the man who bought the hot dog from her tried to short change her but that she knew what he was trying to do and she refused to give him back his money and redo the transaction for the hot dog.

Snapka testified that appellant wandered around, apparently looking at the souvenirs inside the store. Snapka observed appellant's companion at the snack bar "giving trouble to Jerralynn (sic)." Appellant's companion then walked to the front where Snapka was working the cash register. He bought an Alka Seltzer and then wandered around the store again. Snapka said the men were in the store for 30–45 minutes, which was an unusually long period of time to spend in the Stuckey's.

Appellant's companion walked back to the counter where Snapka was working. He asked about some small souvenir spoons displayed at the counter. Snapka had left the cash drawer of the cash register open very slightly after the sale of the Alka Seltzer and was standing in front of the register. When appellant's companion

asked him about the spoons and asked to see some, Snapka had his back to the register. He heard a noise, turned around and saw appellant standing in front of the register, pulling his hand back from the cash register. Appellant put his hand into his pocket and Snapka saw money in the pocket. The register drawer was now open wider than it had been before, and the clip holding the twenty dollar bills in place was up, and where there had been a pile of twenties there were now only three.

Snapka told appellant to give him back the twenties and he would just let it go. Appellant denied taking the money and said he "never stole." Appellant's companion had already gone outside to the car. Snapka told appellant he was going to get the manager. Appellant left the store, walked and then ran to the car and he and his companion drove off.

Snapka said he did not give appellant or anyone permission to take any money.

Richard Doyne Mitchell was the manager of Stuckey's on December 16, 1979. He testified that he had care, custody and control of all items in the store, including the money, and that he did not give anyone permission to take it.

Mitchell testified that he had worked the register until about fifteen or twenty minutes before the theft. He was not sure exactly how many twenty dollar bills were in the register, but he said there were lots, about "finger-depth." After Snapka called him and told him about appellant there were only 3 twenty dollar bills in the register. Mitchell checked the total sales against the amount of money in the register and determined that three hundred dollars was missing.

The evidence shows that there was a stack of twenty dollar bills, "finger-depth", in the cash register fifteen to twenty minutes before the theft, when Mitchell left Snapka at the counter. Snapka testified that he saw appellant pulling his hand back from the cash register, that the cash drawer was open wider than he had just left it, that the drawer could not slide open by itself, that the clip for the twenty dollar bills was open, and that only three twenties

were in the drawer whereas there had been a lot of twenties before appellant's actions. No one else was near the register at the time. This evidence is sufficient to show circumstantially that appellant appropriated money from the store without consent. No other reasonable hypothesis is presented except that appellant is guilty. See *Perkins v. State*, 505 S.W.2d 563 (Tex.Cr. App.1974).

Mitchell testified that he checked the total sales against the amount of money present in the register after appellant left. Three hundred dollars was missing. This is sufficient to prove that more than two hundred dollars but less than ten thousand dollars was stolen. The ground of error is overruled.

■ Appellant contends that the trial court erred in not directing a verdict of acquittal because the State failed to prove that the offense occurred within the state of Texas.

Several witnesses testified that the offense occurred in McLennan County, on Interstate 35 near Waco and West. After the State rested its case appellant moved for an instructed verdict "for the following good and sufficient reasons, to-wit: 1) The evidence is wholly insufficient to support a verdict of guilty and does not establish guilt beyond a reasonable doubt. Wherefore, premises considered, the Defendant prays that the Court instruct the jury to return a verdict of not guilty in the above entitled and numbered Cause, respectfully submitted." Appellant did not raise an issue in the trial court as to venue.

In *Holdridge v. State*, 707 S.W.2d 18 (Tex.Cr.App.1986) we reaffirmed the principle that "Article 44.24(a) (V.A.C.C.P.) is a rule of appellate presumption that the State met its burden of proof unless during trial accused challenged sufficiency of evidence presented by the State to show venue. *Masters v. State, supra* [165 Tex.Cr.R. 303], (306) S.W.2d (355) at 357 (1957)." See also *Martin v. State*, 385 S.W.2d 260, 261 (Tex.Cr.App.1964); and *Moore v. State*, 93 Tex.Cr.R. 208, 246 S.W. 90 (1923). In the instant case appellant did not challenge

venue during trial. The appellate presumption applies. The ground of error is overruled.

■ At the guilt-innocence stage, after Holland testified about appellant's attempt to shortchange him and stated that he heard a transmission on his police scanner describing appellant's car, Holland said that he "felt like those gentlemen was up to no good, so—". Appellant objected to the statement and asked the court to instruct the jury to disregard the statement. The court did so. Appellant did not ask for a mistrial and was given all the relief he requested. He now contends that the court should have granted a mistrial on its own motion because the statement was "highly inflammatory" and the instruction to disregard did not cure the error.

Holland had already testified that he felt appellant had tried to shortchange him. In view of this testimony and the unequivocal testimony as to the appellant's role in the offense, we cannot say that Holland's later statement, though perhaps unresponsive to the question asked, was harmful. Therefore, even had appellant requested it, no mistrial was merited. The ground of error is overruled.

■ Jeralyn Boortz, called by the State as a witness in the case, was asked by the prosecutor if anything unusual happened at Stuckey's where she worked on about 2:00 p.m. Boortz answered, "There was a robbery." Appellant objected that there had been no evidence of a robbery. The court overruled the objection.

Appellant contends that the court erred in overruling his objection to the witness's use of the term "robbery" since it indicates violence or the threat of violence and prejudiced him. We agree that the term "robbery" was inaccurate and improper. However, as the State points out, the witness was a 19 year old lay witness who obviously used the term in the sense of "to steal." Her testimony did not reflect or imply that force was used, nor did any evidence in the case. There is nothing to suggest that the jury was aware of the legal statutory definition of robbery so as to suggest to them that violence or the threat of violence was

involved. And, the evidence showed no violence. The witness's use of the term cannot be said to have harmed appellant. The ground of error is overruled.

■ At the punishment phase of trial appellant pleaded true to the enhancement allegation. Thereafter, the State introduced proof of several prior convictions, including three misdemeanor convictions for theft and two prior felony convictions for robbery by assault. One of these felony convictions was alleged in the enhancement paragraph of the indictment. When the State introduced State's Exhibit No. 4, a prior misdemeanor conviction for theft, appellant objected that the judgment did not show that he was represented by an attorney or that his right to have an attorney was explained to him and also objected that the judgment and information simply alleged "theft." The court overruled the objection and admitted State's Exhibit No. 4. The State asked their witness a couple of more questions about the exhibit and then passed the witness. Appellant then objected that the judgment did not indicate what amount the theft conviction involved. The court overruled the objection and appellant's other attorney stated: "One other matter that I want to get on the record, Your Honor, is an objection, at the bottom of the Judgment, the extraneous matter about what the court took into consideration, we object to that and say that it should be stricken from the record."

Appellant now contends that the court erred in overruling his objection to the "extraneous matter", which consisted of a recitation at the bottom of the judgment, contained in State's Exhibit No. 4, that the trial court had taken into consideration an allegation that appellant had escaped from the arresting officer. The exhibit had already been offered into evidence, an objection voiced on different grounds, the witness questioned further by the State, and the witness passed to defense counsel for questioning, before appellant voiced this extraneous offense contention. An objection must be voiced at the earliest opportunity. *Corley v. State*, 582 S.W.2d 815 (Tex. Cr.App.1979); *Ward v. State*, 522 S.W.2d

228 (Tex.Cr.App.1975); *Chappell v. State,* 519 S.W.2d 453 (Tex.Cr.App.1975); *Davis v. State,* 463 S.W.2d 434 (Tex.Cr.App.1971). Appellant's objection was not voiced when the exhibit was introduced into evidence. The objection was not timely and waives any error in the admission of such evidence.

■ Appellant also contends that State's Exhibit No. 4 should not have been admitted because there was no showing that he was represented by counsel or had knowingly and intelligently waived his right to counsel. When State's Exhibit No. 4 was admitted appellant objected that the judgment of the misdemeanor conviction did not recite, on its face, that appellant was represented by counsel or had waived counsel. The objection was overruled.

Appellant acknowledges that he has the burden to establish that he was not represented or did not waive his right to counsel. However, he claims that his objection is sufficient to shift the burden to the State to prove that he did have counsel or waived the right. We do not agree.

Appellant does not contend that he did not in fact have counsel or did not waive the right. Rather, he simply contends that the judgment does not so reflect. An objection to a silent judgment does not satisfy appellant's burden to establish a violation. *Boss v. State,* 489 S.W.2d 580 (Tex.Cr.App. 1973), cited by appellant, does not stand for that proposition. Boss, supra, quotes *Taylor v. State,* 470 S.W.2d 663 (Tex.Cr.App. 1971), which held "(f)irst, ... that no objection was urged at the time these documents were introduced, and no claim is advanced even now that at the time of such conviction the appellant was ... deprived of counsel in any manner. See *Walling v. State,* Tex.Cr.App., 437 S.W.2d 563, 565." *Taylor,* supra, 470 S.W.2d at 663. In the instant case no evidence was offered by appellant to establish a violation of his right to counsel, nor does appellant so contend. Appellant has not met his burden. See *Maddox v. State,* 591 S.W.2d 898, 903 (Tex.Cr.App.1979); *Olson v. State,* 505 S.W.2d 895, 897 (Tex.Cr.App.1974); *Clark*

*v. State,* 496 S.W.2d 83 (Tex.Cr.App.1973). The ground of error is overruled.

■ Appellant also contends that State's Exhibit No. 4 is defective because it indicates that appellant was convicted of theft without indicating what type of theft. Appellant contends that the judgment and sentence should have shown the "level of theft" for which he was convicted. The judgment reflects that the conviction is from a county court, thus showing that appellant was convicted of misdemeanor theft. In addition, the witness through whom the exhibit was admitted testified that the offense was for theft of property of the value of $20.00 or more, but less than $200.00. This testimony cured the error, if any, in the alleged vagueness of the judgment. If appellant wishes to probe the details of the conviction to mitigate its effect, that is for him to decide. The judgment is sufficient. The ground of error is overruled.

■ Appellant also attacks State's Exhibit No. 4 on the ground that the conviction is not shown to be a final conviction because the sentence was not timely pronounced. The exhibit contains a judgment, an amended judgment, and a sentence. The judgment and sentence state, "(o)n this the 26th day of June, 1979,...." (emphasis added). The amended judgment reads, "(o)n this the 26th day of June, 1979,...." The amended judgment states that it was signed July 2, 1979. Assuming appellant is correct and no sentence was pronounced after the amended judgment, indicating that the conviction is not shown to be final, we find the error in the admission of State's Exhibit No. 4 to be harmless. The State introduced two other prior misdemeanor convictions for theft and two prior felony convictions for robbery by assault. Appellant was unequivocally identified as the perpetrator of theft in the instant case. The introduction of State's Exhibit No. 4 is harmless error.

In his ninth ground of error appellant contends that under the "Gaskin rule" he was entitled to inspect an investigative report prepared by Sergeant Edward Torres. Appellant called Torres as a defense wit-

ness. After receiving affirmative answers to his questions whether Torres investigated the offense and whether he wrote a report, appellant asked the court to permit him to see the offense report. The court refused.

■ Appellant acknowledges that the "Gaskin rule" provides that where a State's witness has made a report or has given a statement prior to testifying, the defendant, after a timely request, is entitled to inspect and use such prior available report or statement for cross examination and impeachment purposes, even though the witness may not have used the instrument to refresh his memory. *Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962); *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977). Appellant contends that Torres, as an investigating officer, is a hostile witness as a matter of law and, thus, the purpose of the "Gaskin rule"—use for cross examination and impeachment, is met.

Appellant cites no authority or reason and we do not see any reason for holding that an investigating officer is a hostile witness as a matter of law. The law in this State requires a showing that the testimony of a party's own witness has surprised that party and that the testimony is injurious to his cause. *Goodman v. State,* 665 S.W.2d 788, 791 (Tex.Cr.App.1984); and cases cited therein. Appellant made no such showing. However, even if appellant was entitled to the report under the "Gaskin rule", we could not determine any possible harm because appellant has not included the offense report in the appellate record. *Mendoza,* supra, at 448. The ground of error is overruled.

■ Appellant's last ground of error, alleged in a second supplemental brief, contends that the trial court erred in overruling his motion to quash the indictment. The indictment charged, in pertinent part, that appellant "did then and there ... appropriate said property...." Appellant correctly contends that this Court has held that failure to allege the method of appropriation in the face of a proper motion to quash is reversible error. *McBrayer v.*

*State,* 642 S.W.2d 504 (Tex.Cr.App.1982); *Coleman v. State,* 643 S.W.2d 124 (Tex.Cr.App.1982); *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982). However, appellant's motion to quash is insufficient to apprise the trial court of the complaint which he now advances. Appellant's "Motion to Dismiss the Indictment" reads, in pertinent part:

The indictment does not state facts sufficient to constitute an offense against the State of Texas.

\* \* \* \* \* \*

The indictment is vague and uncertain and fails to be or contain a plain, concise and definite written statement of the essential facts constituting the offense sought to be charged.

The indictment states conclusions rather than facts.

\* \* \* \* \* \*

The indictment does not adequately and fairly inform the Defendant of the offense or offenses sought to be charged against him.

Appellant's motion is almost exactly the same as that found insufficient in *Jones v. State,* 672 S.W.2d 798 (Tex.Cr.App.1984). Just as the motion in *Jones,* supra, was insufficient, so too is that in appellant's case. The ground of error is overruled.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

Appellant was convicted of felony theft of property having the value of $200.00 or more but less than $10,000.00. A prior 1968 robbery by assault with a firearm conviction was alleged and proved. The jury assessed punishment at 20 years' imprisonment.

On original submission appellant's conviction was affirmed. We granted appellant's motion for leave to file a motion for rehearing to consider two of his contentions.

The appellant contends this Court "erred in holding that the State's Amended Motion for Continuance was filed within the 120 day period of the Speedy Trial Act (Article 32A.02 C.C.P.) so as to exclude all the time from April 15 until Appellant was tried since the time from the date of arrest through April 15, 1980 is 121 days rather than 120 days."

On original submission this Court wrote:

"Therefore, the time from the filing of the motion for continuance until the trial date is properly excluded from calculating the 120 day limit. Even if we consider April 15 as the date of filing, it was the 120th day after commencement of the criminal action. We exclude all the time from April 15 until appellant was actually tried on April 28. Thus, the State just met the 120 day limit and complied with Article 32A.02. The ground of error is overruled." (Emphasis added.)

Appellant is correct in his calculations. 1980 was leap year and there were 29 days in February, so April 15th was the 121st day after the commencement of the criminal action under the terms of the Texas Speedy Trial Act by the arrest of the appellant on December 16, 1979.

In reviewing appellant's contention, it is necessary to briefly restate the facts. Appellant was arrested on December 16, 1979. He was not indicted until March 27, 1980. On April 10, 1980, the appellant was arraigned, the State announced ready, and the case was set for trial on April 16, 1980. The State's announcement of ready came 116 days after the commencement of the felony action. On April 11, 1980 (Friday) the State caused to be issued subpoenas for its witnesses. On April 14, 1980 (Monday) the prosecution learned that his "McLennan County subpoena" for the complaining witness Mitchell had not been executed. On the same date (April 14), the 120th day after the commencement of the criminal action, the State filed its motion for continuance on the basis of the absence of a material witness, Richard Doyne Mitchell. On April 15, 1980, the State filed its Amended Motion for Continuance on the same basis, but alleging additional facts

that Mitchell was in Oklahoma City, had been contacted and was available, but he could not be in Waco until April 21, 1980, due to the unexpected hospitalization of a co-worker (replacement employee) who did the same work that Mitchell did. The court held a hearing on April 15, 1980 expressly stating it was on both the original motion as well as the amended motion for continuance. The assistant district attorney testified he had statements from all the State's witnesses, had expected no difficulty in obtaining his witnesses, that the indictment was not returned until March 27, and the day after the case had been set for trial (April 11) issued his request for subpoenas, but had not learned that Mitchell was not in the county until April 14, and had on that date then filed his motion for continuance, had contacted Mitchell at 8 p.m. and learned the details set out in his amended motion for continuance filed at 9:28 a.m. on the next day (April 15), the day of the hearing. At the hearing appellant testified he had been in jail since December 16, 1979. At the conclusion of the hearing the court expressly granted both motions for continuance and entered separate written orders to that effect. In the written order granting the original motion for continuance the court reset the case for April 28, 1980, having stated at the hearing that because of other matters on the docket the case could not be heard on April 21, 1980.

On April 15, 1980 at 2:01 p.m. the appellant filed his motion to dismiss the indictment under Article 32A.02, V.A.C.C.P., because 120 days had passed since the commencement of the criminal action and the State was not ready for trial. At the conclusion of the hearing on the motions for continuance on April 15, appellant asked his motion to dismiss be heard, asked that most of the testimony from the earlier hearing be considered, and offered additional testimony from the appellant. The motion was overruled.

On April 15, 1980 the court expressly granted the State's original motion for continuance filed on April 14, 1980, the 120th day after the commencement of the felony criminal action. Therefore if the time from

the filing of the original motion for continuance until the actual trial date (April 28) is properly excludable, the State met the 120 day limit and complied with said Article 32A.02 (Texas Speedy Trial Act). This is the basis upon which the opinion on original submission reached its conclusion even though it erroneously considered April 15th as the 120th day.

Appellant argues, however, the time excludable under Article 32A.02, § 4(6)(A) and (B), is the time after the granting of the motion for continuance, not from the time of the filing of such motion, and that the State was over the 120 day limit by one day.

Article 32A.02, § 4, provides:

"Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

"(1) * * *

"(6) a reasonable period of delay resulting from a continuance granted at the request of the state if the continuance is granted.

"(A) because of the unavailability of evidence that is material to the state's case, if the state has exercised due diligence to obtain the evidence and there are reasonable grounds to believe the evidence will be available within a reasonable time; or

"(B) to allow the state additional time to prepare its case and the additional time is justified because of the exceptional circumstances of the case; ...."

Appellant argues the statute refers to a period of delay resulting from a continuance granted, and that the important date is not the date of filing but the date the continuance motion is granted. It appears to be appellant's position that the time between the filing and the granting of a State's motion for continuance is not excludable regardless of whether the trial court was able to hear the motion and regardless of the continued existence of the basis upon the motion is finally granted. Under this reasoning, if the trial judge is trying another case or home sick with a common cold, and can't hear the motion for continuance and the time limit of 120 days

in felony cases elapses during the pendency of said motion the appellant, upon proper request, is entitled to have the indictment dismissed without regard to guilt or innocence.

If we adhere to our original holding, then the time of the filing of the original motion for continuance on April 14 until the date the trial commenced on April 28 was properly excludable and the State would have complied with Article 32A.02, supra. Actually what we have here are two different time periods to be considered. First the time of the filing of the State's original motion for continuance on April 14 until the hearing on said motion on April 15, and the time period from the granting of the motion for continuance on April 15 until the trial on April 28. There does not seem to be a real dispute about the later time period being properly excludable. It is the one day period between the filing of the motion and the time of the hearing that appellant contends is not excludable and which reflects the State was not ready within the prescribed 120 day period. The hearing on the motion was prompt and there is no claim that the delay of one day was not reasonably necessary under the circumstances. We hold that the time between the filing of the original motion for continuance until the hearing on said motion the next day was excludable as well as the time from the granting of said motion until the date of trial. Cf. *Henderson v. United States*, ── U.S. ──, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). We adhere to the result reached on original submission.

We granted the motion for leave to file motion for rehearing to also consider appellant's contention that this Court erred in holding that he "did not object timely and therefore waived any error in the admission of the 'Extraneous matter' at the bottom of State's Exhibit No. 4."

At the penalty stage of the trial appellant plead "true" to the allegation of a prior robbery by assault conviction alleged for enhancement of punishment. The State also offered proof of that robbery convic-

tion as well as proof of another robbery conviction. In addition the State offered proof of three misdemeanor convictions. See Article 37.07, V.A.C.C.P. In proving up one of the misdemeanor theft convictions, the State called Joel Ballard, who was an Assistant County Attorney at the time of the 1979 misdemeanor theft conviction of appellant in Cause No. 17212 in the San Patricio County Court. Ballard identified appellant as the person who was convicted of theft of property of the value of $20.00 or more, but less than $200.00. Ballard handled the case at the time of the trial. During his testimony Ballard identified State's Exhibit No. 4 as a certified copy of the judgment and sentence and amended judgment in said cause. When the exhibit was offered, appellant's counsel (Mr. Pearson) objected that the exhibit did not indicate on its face "that the jury was explained ... or the Defendant was explained his rights to an attorney. Also the judgment simply contains an allegation of information of theft, and it doesn't ... may we approach the Bench, Your Honor?" A bench conference out of the hearing of the court reporter then occurred after which, without more, the court overruled the objection to State's Exhibit No. 4. It was admitted into evidence. Another question or two were asked Ballard and answered, and then another off-the-record discussion ensued. Thereafter appellant's counsel (Mr. Pearson) stated:

"Your Honor, we still would reurge our objection and ask the last question and his answer to it (that the conviction was for theft of property of the value of $20 or more but less than $200.00) be struck and the jury be instructed to disregard it, because on the Judgment, itself, it does not indicate it was theft. It just indicates theft

but it doesn't indicate whether it was over $5.00, under $20.00, or what. We would also renew our objection to...."

The court overruled the objection. Appellant's counsel stated he didn't think the court reporter had his objection "on the record." The court permitted counsel to restate the objection for the record which the court noted had been overruled when the exhibit had been admitted. Counsel Pearson then stated:

"Okay, the Defendant's objection to State's Exhibit # 4 is that the document nowhere shows that the Defendant had an attorney; that he was explained his right to an attorney or that he waived his right to an attorney. And on those basis (sic), we feel that this Judgment and this offense should not be admitted.

"THE COURT: Overruled."

The record then reflects:

"MR. WASH (also appellant's counsel): One other matter that I want to get on the record, Your Honor, is an objection, at the bottom of the Judgment the extraneous matter about what the court took into consideration, we object to that say that it should be stricken from the record.

"THE COURT: Overruled." (Emphasis supplied.)

At the bottom of both the judgment and sentence are the words "The Court took into consideration allegation that the defendant escaped on the 11th day of June, 1979 from the Arresting Officer." The penalty assessed for the misdemeanor theft was 15 days in jail. It appears that the County Court of San Patricio was utilizing V.T.C.A., Penal Code, § 12.45[1] and made such entry to prevent appellant's future prosecution for escape.[2] See § 12.45(c).

---

1. Said § 12.45, in effect at the time of the 1979 conviction, provided:

"(a) An individual may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.

"(b) Before a court may take into account an admitted offense over which exclusive venue lies in another county or district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense.

"(c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense."

2. See V.T.C.A., Penal Code, § 38.07(a) and (b).

It is fundamental that a timely and specific objection to inadmissible evidence must be urged at the first opportunity. *Martinez v. State,* 437 S.W.2d 842, 847 (Tex.Cr.App.1969); *Guzman v. State,* 521 S.W.2d 267 (Tex.Cr.App.1975); *Garcia v. State,* 573 S.W.2d 12 (Tex.Cr.App.1978); *Montelongo v. State,* 681 S.W.2d 47 (Tex. Cr.App.1984); *Cisneros v. State,* 692 S.W.2d 78 (Tex.Cr.App.1985). This was not done nor has appellant shown a reason for delaying his objection. *Renfro v. State,* 156 Tex.Cr.R. 400, 242 S.W.2d 772 (1951). The objection as to the "extraneous matter" was made for the first time by appellant's second counsel after the exhibit had been admitted over objection, the interrogation of the witness had continued, and the original objection was restated and again overruled. We adhere to our original holding that the objection was not timely made.

If it can be argued otherwise, the error, if any, was harmless. After appellant was convicted of felony theft, he plead "true" to the prior robbery by firearms alleged for enhancement. This alone authorized his punishment for a second-degree felony. V.T.C.A., Penal Code, § 12.42(a). There was also proof of still another robbery conviction and three misdemeanor theft convictions. The oral testimony of Ballard was sufficient alone to prove the misdemeanor theft conviction from San Patricio County. State's Exhibit No. 4 was not essential. Under said § 12.45 a defendant must admit his guilt of an unadjudicated offense before it can be taken into account for assessing punishment for a charged offense. Such admission, when taken into account, will bar prosecution for the admitted unadjudicated offense. It is logical that when such action is taken it should be included in the formal judgment.[3] And is this then not a part of a defendant's prior criminal record and admissible under Article 37.07 V.A.C. C.P.? Under any circumstances, no reversible error is presented.

**3.** Such an entry in the judgment is beneficial to a defendant to prevent later prosecution for the admitted unadjudicated offense.

Appellant's motion for rehearing is overruled.