**Arthur George BOSTIC, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–88–316 CR.**

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1989.

Douglas M. Barlow, Daylee Wiggins, Beaumont, for appellant.

John R. DeWitt, Beaumont, for State.

## OPINION

BURGESS, Justice.

Appellant pleaded no contest to the charge of aggravated sexual assault. He signed no judicial confessions or made no judicial admission in court. The State introduced copies of the victim's statement and police reports. The court found appellant guilty and, at a later hearing, assessed punishment at sixty years in the Texas Department of Corrections. Appellant urges two points of error, the evidence was insufficient to prove jurisdiction in this state and venue in the county. He argues no evidence was presented to show the offense occurred in Jefferson County, Texas. We affirm.

*TEX.R.APP.P.* *80(d)* provides that a court of appeals shall presume that venue was proved in the court below "unless such matters were made an issue in the court below...." This presumption applies to venue both within the State of Texas, *Whalon v. State*, 725 S.W.2d 181 (Tex.Crim.App.1986), and within a particular county, *Holdridge v. State*, 707 S.W.2d 18 (Tex.Crim.App.1986). Since appellant did not make an issue of the venue in the court below, the presumption applies. Both

points are overruled, and the judgment affirmed.

AFFIRMED.