TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00533-CV


NO. 03-99-00534-CV







Travis County Attorney, Appellant



v.



 J.S.H., Appellee



and



C.E.G.K., Appellee







FROM THE DISTRICT COURTS OF TRAVIS COUNTY, 147TH & 299TH JUDICIAL
DISTRICTS, NOS. 98-12297 & 98-03658, HONORABLE WILFORD FLOWERS &
HONORABLE JON WISSER, JUDGES PRESIDING







 In unrelated causes, J.S.H. and C.E.G.K. both admitted their guilt of charged,
unadjudicated offenses during sentencing on other offenses of which they stood adjudged guilty. 
See Tex. Penal Code Ann. § 12.45 (West 1994). Each later filed a petition for expunction of all
records arising out of her arrest for the unadjudicated offense. See Tex. Code Crim. Proc. Ann.
art. 55.01 (West Supp. 2000). In these appeals, the Travis County Attorney challenges the orders
of expunction granted by the district courts. Because we hold that an admitted, unadjudicated
offense does not result in a "final conviction" as that term is used in the expunction statute, we will
affirm the judgments in both causes.

FACTUAL AND PROCEDURAL BACKGROUND


 Section 12.45 of the Penal Code allows a defendant facing sentencing to ask the trial court
to consider all pending criminal actions in assessing sentence. The section reads:


(a) A person may, with the consent of the attorney for the state, admit during the
sentencing hearing his guilt of one or more unadjudicated offenses and request
the court to take each into account in determining sentence for the offense or
offenses of which he stands adjudged guilty.


(b) Before a court may take into account an admitted offense over which exclusive
venue lies in another county or district, the court must obtain permission from
the prosecuting attorney with jurisdiction over the offense.


(c) If a court lawfully takes into account an admitted offense, prosecution is
barred for that offense.



Tex. Pen. Code Ann. § 12.45. Under this statute, the defendant may, with permission of the
State, admit guilt of one or more unadjudicated offenses, possibly enhancing her sentence for the
adjudicated offense. The State is saved the cost and effort of prosecuting the additional offenses
while the defendant enjoys the "slate cleaning" benefit of disposing of the additional charges
without formal prosecution.

 Both J.S.H. and C.E.G.K. invoked this statute when sentenced on misdemeanor
offenses. In October 1997 J.S.H. was arrested and charged with two misdemeanor offenses:
(1) driving with license suspended ("DWLS") and (2) tampering with a governmental record. She
entered a plea of nolo contendere to the DWLS offense and, with the State's agreement, admitted
her guilt of the unadjudicated tampering offense. The trial court was asked to take the tampering
offense into account in determining the sentence on the DWLS offense. J.S.H. was sentenced to
ninety days in the Travis County jail and a $500 fine, but the trial court suspended the sentence
and placed J.S.H. on community supervision for 180 days.

 C.E.G.K.'s case involves two old misdemeanor charges. She was convicted in
1982 on her nolo contendere plea to the first misdemeanor.(1) She admitted her guilt of a pending
"massage parlor violation" stemming from a 1981 arrest and asked the court to take that admission
into account in sentencing her on the adjudicated offense. Although the trial court granted the
request and sentenced C.E.G.K. to one day in the Travis County jail and a $150 fine, the
unadjudicated charge was never formally dismissed.

 Subsequently, both J.S.H. and C.E.G.K. sought to have the admitted, unadjudicated offenses
expunged pursuant to article 55.01 of the Code of Criminal Procedure. That section provides, in
pertinent part:


(a) A person who has been arrested for commission of either a felony or 
misdemeanor is entitled to have all records and files relating to the arrest
expunged if:


 . . . . 


 (2) each of the following conditions exist:


 . . . . 


 (B) the person has been released and the charge, if any, has not resulted
in a final conviction and is no longer pending and there was no court
ordered community supervision under Article 42.12 of this code; and


 (C) the person has not been convicted of a felony in the five years
preceding the date of the arrest.(2)



Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2000).

 J.S.H. and C.E.G.K. both filed petitions for expunction in district court, asking 
that all records of their arrests for the unadjudicated offenses be delivered to them and that all
reference to the arrests be deleted from any repositories. The respective district courts granted
relief and ordered the expunctions. The Travis County Attorney appeals these orders, arguing that
the requirements of the expunction statute have not been satisfied because the section 12.45
disposition resulted in a "final conviction." Further, the Travis County Attorney urges that
allowing expunction of offenses consumed by section 12.45 vitiates the purpose of the expunction
statute.


DISCUSSION

 The expunction statute allows records of a misdemeanor arrest to be expunged only
if (1) "the charge, if any, has not resulted in a final conviction"; (2) the charge "is no longer
pending"; (3) "there was no court ordered community supervision under Article 42.12 of this
code"; and (4) "the person has not been convicted of a felony in the five years preceding the date
of the arrest." Id. art. 55.01(a)(2)(B), (C). Of these four criteria, appellants have satisfied three.(3) 
Issue is joined over whether a charged but unadjudicated offense results in a final conviction. See
id. art. 55.01(a)(2)(B).

 There is no statutory definition of the term "final conviction" in the Code of
Criminal Procedure to guide us. With no definition offered in the statute, we are guided by the
principles of statutory construction in giving meaning to the phrase "resulted in a final conviction"
as it is used in the expunction statute. The Code Construction Act controls when interpreting the
Code of Criminal Procedure. See Tex. Gov't Code Ann. § 311.001-.032 (West 1998); Harris
County Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 573 (Tex. 1991); Barbee v. State, 432
S.W.2d 78, 82 (Tex. Crim. App. 1968) (op. on reh'g). The Code Construction Act requires that
words and phrases be read in context and construed according to rules of grammar and common
usage. See Tex. Gov't Code Ann. § 311.011. "When a statute is clear and unambiguous, we
apply the plain meaning of its words." Ex parte Evans, 964 S.W.2d 643, 646 (Tex. Crim. App.
1998) (citing Ramos v. State, 934 S.W.2d 358, 364 (Tex. Crim. App. 1996)). Thus, the question
before us is whether "final conviction" has a "common usage" or "plain meaning."

 In a narrow context, the court of criminal appeals has noted that the term
"conviction" may mean different things in different statutes. See id. at 646-47 (citing Ex parte
Renier, 734 S.W.2d 349, 365 (Tex. Crim. App. 1987) (Teague, J., dissenting)). These cases
define "conviction," for purposes of post-conviction motions, to mean a judgment of guilt and an
assessment of punishment. See id. at 647 (citing Renier, 734 S.W.2d at 365 n.19); Faurie v.
State, 528 S.W.2d 263, 265 (Tex. Crim. App. 1975) ("Within the meaning of these statutes
[pertaining to post-conviction motions], an adjudication of guilt does not amount to a 'conviction.' 
A conviction for the purposes of these statutes is an adjudication of guilt plus an assessment of
punishment."). Although these cases may stand for the proposition that an adjudication of guilt
alone is not a final conviction, they do not stand for the converse--that there can be a final
conviction without an adjudication of guilt.

 That an adjudication of guilt must precede a final conviction has been clearly stated
by the court of criminal appeals. After a discussion of the meaning of "conviction" in various
settings, including post-conviction motions, the court left no doubt as to the necessity of such an
adjudication: "The foregoing cases reveal that a 'conviction,' regardless of the context in which
it is used, always involves an adjudication of guilt." McNew v. State, 608 S.W.2d 166, 172 (Tex.
Crim. App. 1978) (emphasis added). The court placed special emphasis on "always" and
"adjudication of guilt," making the court's conclusion impossible to misunderstand. Simply put,
whether examined in the context of the term's "plain meaning" or in its "common usage," there can
be no "final conviction" without an adjudication of guilt.

 The State directs us to several cases that it urges support its position that offenses
considered but unadjudicated in a section 12.45 proceeding are final convictions for purposes of
article 55.01. We disagree that these cases establish a definition of "final conviction" that does not
include McNew's "adjudication of guilt" requirement. Lester v. State, 824 S.W.2d 775 (Tex.
App.--Houston [14th Dist.] 1992, pet. ref'd), merely reflects that the defendant could not assert
section 12.45 as a bar to a later prosecution because he never admitted that he committed the
unadjudicated offense and was thus not entitled to the statute's benefits. See id. at 778. Hilburn
v. State, 946 S.W.2d 885 (Tex. App.--Fort Worth 1997, no pet.), and Day v. State, 784 S.W.2d
955 (Tex. App.--Fort Worth 1990, no pet.), both stand clearly for the proposition that
unadjudicated section 12.45 offenses are not final convictions. See 946 S.W.2d at 886; 784
S.W.2d at 957-58. Perea v. State, 870 S.W.2d 314 (Tex. App.--Tyler 1994, no pet.), equates
the language of rule of evidence 609(a)(4) with Code of Criminal Procedure article 37.07(5) to arrive
at the dubious conclusion that rule 609(a) allows "a witness in a criminal case [to] be impeached
by evidence of offenses taken into consideration in sentencing since their prosecution is finally
concluded by the judgment of conviction in the main case." Id. at 318. The court reaches this
result in spite of the fact that article 37.07 is much broader than rule 609(a) and allows the
introduction of "the prior criminal record of the defendant," while the rule only allows evidence
"that he has been convicted of a crime." Compare Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)
(West Supp. 2000), with Tex. R. Evid. 609(a) (emphasis added). Whalon v. State, 725 S.W.2d
181 (Tex. Crim. App. 1986), appears to say that because the defendant's admission of guilt of the
unadjudicated offense becomes part of the judgment of conviction in the adjudicated offense, the
unadjudicated offense is therefore part of the defendant's criminal record and is admissible under
article 37.07.(6) See id. at 195. However, Whalon's holding does not rationally lead to Perea's
consequence that the unadjudicated offense standing alone is a final conviction. The code and the
rule do not so conveniently overlay.

 Finally, the State directs us to a series of cases holding that a person who is
arrested, admits guilt to an offense, and receives community supervision as a punishment is not
entitled to expunction. See J.T.S., 807 S.W.2d at 574; Texas Dep't of Pub. Safety v. Moran, 949
S.W.2d 523, 526-27 (Tex. App.--San Antonio 1997, no writ); State v. Knight, 813 S.W.2d 210,
212 (Tex. App.--Houston [14th Dist] 1991, no writ). These cases do not aid the State, as they all
involve the "community supervision" clause of article 55.01(a)(2)(B). See Tex. Code Crim. Proc.
Ann. art. 55.01(a)(2)(B) (condition for expunction is "there was no court ordered community
supervision" as punishment for charge sought to be expunged). None addresses the meaning of
"final conviction."


CONCLUSION


 We hold that "final conviction," as that term is used in article 55.01(a)(2)(B) of the
Code of Criminal Procedure, requires that there have been an adjudication of guilt of the offense
charged. Therefore, the admitted unadjudicated offenses considered by the trial courts in assessing
appellants' punishments for adjudicated offenses in the proceedings conducted pursuant to section
12.45 of the Penal Code may be expunged. In so holding, we observe that if indeed it was not the
intention of the legislature that unadjudicated offenses taken into account by a trial court in
assessing punishment in section 12.45 proceedings be subject to expunction, it will be a simple
matter for that body to amend article 55.01 of the Code of Criminal Procedure to so provide.(7) We
therefore overrule the State's issues and affirm the judgments of the district courts.



 

 Lee Yeakel, Justice

Before Justices Yeakel, Patterson and Jones*

Affirmed in Both Causes

Filed: January 11, 2001

Publish

* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. The record does not reflect specifically what offense C.E.G.K. was charged with in the
underlying offense, only that the charge was a misdemeanor.
2. Subsection (a)(2)(A), omitted from the quoted language, applies only to felony charges. See
Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A) (West Supp. 2000). Because both defendants
were charged with misdemeanor offenses, this subsection is not applicable.
3. The parties to J.S.H.'s appeal stipulate that she successfully completed the 180 days of
community supervision she was sentenced to for the DWLS offense. The court was asked to
consider J.S.H.'s admitted guilt of the tampering charge when it sentenced her to community
supervision for the DWLS charge. Under these circumstances, we hold that because J.S.H. was
sentenced only on the DWLS charge, there was no court-ordered community supervision imposed
by virtue of the tampering charge.
4. Tex. R. Evid. 609(a) (former Tex. R. Crim. Evid. 609(a)).
5. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2000).
6. The Whalon court notes that when a trial court takes account of an admitted but
unadjudicated offense in assessing punishment, "[i]t is logical that . . . it should be included in the
formal judgment." Whalon v. State, 725 S.W.2d 181, 195 (Tex. Crim. App. 1986). The court
then reaches its conclusion by posing a question: "And is this then not a part of the defendant's
prior criminal record and admissible under Article 37.07 . . . ?" Id.; see also Woodard v. State,
931 S.W.2d 747, 750 (Tex. App.--Waco 1996, no pet.) (offenses admitted to enhance sentencing
on conviction "became part of the judgment and part of [defendant's] criminal record"); Murray
v. State, 840 S.W.2d 675, 679 (Tex. App.--Tyler 1992, no pet.) (admitted but unadjudicated
offenses became "part of the judgment of conviction [in adjudicated offense], admissible as part
of [defendant's] criminal record").
7. The district judge who granted C.E.G.K.'s petition observed in a letter to counsel, "I do not
believe that the Legislature, if they had considered the matter, would desire to have cases that
were disposed of via 12.45 expunged; however, I believe that I am compelled to base my decision
on the language of the statute and thus must grant the relief your client has requested." The
dissent states that he likewise does not believe that the legislature intended that expunction be
available in cases like these. Perhaps the legislature did not consider section 12.45 when it
enacted article 55.01. We do not know. We believe that it is better left to the legislature to
correct article 55.01 if in fact it did not intend unadjudicated section 12.45 offenses to be subject
to expunction.


ht, 813 S.W.2d 210,
212 (Tex. App.--Houston [14th Dist] 1991, no writ). These cases do not aid the State, as they all
involve the "community supervision" clause of article 55.01(a)(2)(B). See Tex. Code Crim. Proc.
Ann. art. 55.01(a)(2)(B) (condition for expunction is "there was no court ordered community
supervision" as punishment for charge sought to be expunged). None addresses the meaning of
"final conviction."


CONCLUSION


 We hold that "final conviction," as that term is used in article 55.01(a)(2)(B) of the
Code of Criminal Procedure, requires that there have been an adjudication of guilt of the offense
charged. Therefore, the admitted unadjudicated offenses considered by the trial courts in assessing
appellants' punishments for adjudicated offenses in the proceedings conducted pursuant to section
12.45 of the Penal Code may be expunged. In so holding, we observe that if indeed it was not the
intention of the legislature that unadjudicated offenses taken into account by a trial court in
assessing punishment in section 12.45 proceedings be subject to expunction, it will be a simple
matter for that body to amend article 55.01 of the Code of Criminal Procedure to so provide.(7) We
therefore overrule the State's issues and affirm the judgments of the distr