Arthur Lee LESTER, Appellant,

v.

The STATE of Texas, Appellee.

No. A14-91-00784-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1992.

Douglas M. O'Brien, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is a case of first impression. When an unadjudicated offense is used as evidence of misconduct at the punishment phase of a trial for an unrelated offense, committed prior to the unadjudicated offense, does double jeopardy bar a subsequent prosecution for that latter offense?

Appellant was convicted in cause number 569,749, in Harris County, Texas, of aggravated sexual assault which was alleged to have occurred on April 21, 1990. At the punishment phase of that trial, the state introduced testimony from a complaining witness that appellant committed a sexual assault on her on July 4, 1990. The complainant testified as to the facts surrounding a pending sexual assault case against the appellant, cause number 569,617. After the appellant was convicted in cause number 569,749, he filed an application for writ of habeas corpus arising from cause number 569,617. Appellant contends that prosecution of the second assault case would subject him to double jeopardy in violation of the Texas Constitution article I §§ 3, 14 and 19, and under the United States Constitution, Amendments 5 and 14. The trial court denied the writ of habeas corpus. We affirm.

Appellant complains in his first point of error that he was indigent and that

the trial court erred in failing to provide him with a free copy of the statement of facts in the first trial for use in this appeal. Appellant cites no authority nor does he present any argument to support this point of error. However, we find that the trial court did not consider the statement of facts in the first trial at the subsequent hearing on the writ of habeas corpus. The parties proceeded on stipulated evidence at this hearing, and the statement of facts of the first trial was not before the trial court. We hold that the statement of facts of the trial in cause number 569,749 is not a proper part of this appeal because it was not considered by the trial court in cause number 569,617. Point of error one is overruled.

■ In point of error two, the appellant complains that prosecution for this offense should be barred by the doctrine of double jeopardy. This is a unique case that has not yet been considered by the appellate courts of this state. A double jeopardy claim does not arise when a *prior* conviction is introduced against an accused at the punishment phase of a trial for a unrelated offense. *See Elder v. State,* 677 S.W.2d 538, 539 (Tex.Crim.App.1984). However, this appeal brings us the unique question as to whether double jeopardy will apply to a subsequent offense, when that subsequent unadjudicated offense is used at the punishment phase of the trial of the same defendant for a prior offense.

■ The doctrine of double jeopardy provides three basic areas of protection for the accused: (1) it protects the accused against a second prosecution for the same offense after he has been acquitted of that offense; (2) it protects an accused against a second prosecution for the same offense after a conviction of that offense; and (3) it protects the accused from multiple punishments for the same offense. *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990); *Phillips v. State,* 787 S.W.2d 391, 393 (Tex.Crim.App.1990).

At the hearing on this writ, both appellant and the state entered into the following stipulation of facts:

1. At the punishment phase of the trial in cause number 569,749 the complainant in cause number 569,617 was called as a witness.
2. The complainant testified that she was sexually assaulted on July 4, 1990 as alleged in the indictment.
3. The sexual assault included both vaginal and anal penetration.
4. She was stabbed in the hand by a knife.
5. During the commission of the offense there was an attempt to blindfold her.
6. The complainant was tied up and bound during the offense.
7. The testimony of the complainant was offered at trial to show his character as it was relevant to punishment.
8. Prior to the introduction of the extraneous offense the appellant objection and it was overruled by the trial court.
9. Appellant testified at the punishment phase after the state had offered the testimony of the complainant.
10. At no time during the guilt stage of the trial did the state present any evidence concerning the extraneous offense.

Further, at the punishment phase of the trial, the jury was instructed concerning the extraneous offense as follows:

You are further instructed that if there is any evidence before you in this case regarding the defendant having committed acts of misconduct other than the offense alleged against him in the indictment in this case, you cannot consider any such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other acts of misconduct, in which event you may only consider said evidence with regards to the defendant's character and what should be the appropriate punishment in this case.

If you do not believe beyond a reasonable doubt that the defendant, Arthur Lee Lester, Jr., committed any such acts of misconduct or you have a reasonable doubt thereof, you must disregard all

such evidence about which you have a reasonable doubt and not consider it for any purpose whatsoever.

Clearly, the trial court instructed the jury that before they could use the evidence of other acts of misconduct on the part of the defendant, they had to believe beyond a reasonable doubt that the defendant had committed those other acts of misconduct. Further, the trial court clearly limited the jury by instructing them that they could only consider the evidence with regard to the defendant's character, and then only in determining the appropriate punishment in that case. If we assume, as we must, that the jury followed the instructions of the court, the appellant has not in any way been punished for the second offense, i.e. the unadjudicated offense offered for evidence of character.

The trial court allowed the introduction of the extraneous offense at the punishment phase pursuant to the added language in the recent amendment of article 37.07, § 3(a) which provides that "evidence may, as permitted by the Rules of Evidence, be offered ... *as to any matter the court deems relevant* to sentencing.... (emphasis added to the new language). Although this court, and other appellate courts, have written on the new language found in 37.07, § 3(a), none have dealt with a double jeopardy claim in a subsequent proceeding on the criminal episode made the basis of character testimony at the punishment phase of the previous trial. *See, e.g., McMillian v. State,* 799 S.W.2d 311 (Tex.App.—Houston [14th Dist.] 1990, pet. granted); *Huggins v. State,* 795 S.W.2d 909 (Tex.App.—Beaumont 1990, pet. ref'd).

■ The appellant refers us to TEX. PENAL CODE ANN. § 12.45 (Vernon 1974 & Supp.1991), for "guidance" as to whether further prosecution is barred for an unadjudicated offense. The pertinent portions of that section read as follows:

(a) A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.

\*   \*   \*   \*   \*   \*

(c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense.

Appellant contends that this section clearly prohibits subsequent prosecution for an unadjudicated offense that is taken into account by the court in assessing punishment. However, what the appellant overlooks is that the entire section applies to an *admitted* offense. The appellant can find no safe harbor in section 12.45(a) because he did not *admit* the unadjudicated offense for which he is now being tried.

As early as 1904, this state has held that the consideration of prior convictions, at the sentencing stage of a trial for a different offense, did not violate the doctrine of double jeopardy. *Kinney v. State,* 45 Tex. Crim., 79 S.W. 570 (1904). Also, the federal courts have held that the consideration of prior convictions at the punishment stage, when used to enhance misdemeanor cases to felony cases, does not violate the doctrine of double jeopardy. *See United States v. Wallace,* 889 F.2d 580 (5th Cir. 1989). Texas courts have held that when an accused has probation revoked, based upon a subsequent offense, the state is not precluded from trying the accused for that subsequent criminal offense and double jeopardy protections are not violated. *Ex parte Tarver,* 725 S.W.2d 195 (Tex.Crim. App.1986).

■ We hold that the doctrine of double jeopardy is no more violated by using an unadjudicated offense as evidence of the character of the defendant, for purposes of assessing the appropriate punishment for *that case,* than when a court considers prior criminal activity in arriving at a proper sentence for the current case under consideration. The fact that appellant had his subsequent criminal activity considered by the jury in assessing punishment for a previous offense does not equate to a trial, conviction, or punishment for that unadjudicated offense. We hold that the appel-

lant has not been punished for anything other than the crime for which he was on trial. Further, there is no good reason why a convicted criminal should not have all of his criminal activity placed before a court or a jury in order that a proper punishment can be assessed for the crime of which he stands convicted. Appellant's second point of error is overruled.

We affirm the judgment of the trial court.