**Robert L. DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–92–080 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 14, 1992.

James R. Walker, Houston, for appellant.

Michael R. Little, Dist. Atty., Jerry E. Andress, First Asst. Dist. Atty., Liberty, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is an appeal from the denial of a writ of habeas corpus. Robert Lee Davis was convicted of escape as an habitual offender in a bench trial in Cause No. 18,-599 and sentenced to twenty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division, the minimum possible term under TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1992). During the punishment hearing in that case, the state introduced evidence of indicted but unadjudicated offenses unrelated to the escape charge. Appellant requested that the unadjudicated offenses be considered pursuant to TEX.PENAL CODE ANN. § 12.45 (Vernon 1974 & Supp.1992), but the state declined to consent to appellant's admission under the statute and proceeded to elicit testimony from the victims of the unadjudicated offenses. No appeal was taken from the conviction in Cause No. 18,599 and the propriety of the use of the unadjudicated offenses pursuant to TEX. CODE CRIM.PROC.ANN. § 37.07, § 3(a) (Vernon Supp.1992) is not before us.

Appellant filed an application for a writ of habeas corpus which contended that he had already been punished for the offenses charged in the indictments in Cause Nos. 17,493, 17,494 and 19,110, and a second prosecution would constitute double jeopardy. Each indictment charges appellant with the commission of aggravated robbery—habitual offender in separate transactions on different dates. The trial court held an evidentiary hearing and overruled the application. In his brief, appellant's prayer seeks a writ of habeas corpus barring the district court from trying him on the charges alleged in Cause Nos. 17,493 and 19,424, so that it appears that any claim in reference to Cause No. 17,494 or to Cause No. 19,110 has been abandoned. The record does not contain an application for writ of habeas corpus, therefore Cause No. 19,424, and any complaint regarding that cause is not before the court. TEX. R.APP.P. 52(a). Appellant does not specify whether he bases his claims on the federal constitution, state constitution, or both.

This convoluted factual recitation actually involves a single legal question: Does double jeopardy bar a subsequent prosecution of unadjudicated offenses used as evidence of misconduct at the punishment hearing of a trial for a prior, unrelated offense? This is not a question of first impression; two of our courts of appeal have determined that double jeopardy does not apply when a subsequent, unadjudicated offense is used at the punishment phase of a trial of the same defendant for a prior unrelated offense. *Barnes v. State*, 839 S.W.2d 118 (Tex.App.—Dallas 1992, (rev. ref'd); *Lester v. State*, 824 S.W.2d 775 (Tex.App.—Houston [14th Dist.] 1992, pet. filed). We agree that the consideration of subsequent criminal activity does not equate to trial, conviction, or punishment for the unadjudicated offense. Double jeopardy is no more implicated in this situation than when prior convictions are considered in punishment. We find no error in the ruling of the trial court and it is affirmed.

AFFIRMED.