IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-187-CR





EX PARTE: RONALD GLENN SANDERSON,



 APPELLANT






 




FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT



NO. 4869, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING



 




 This is an appeal from the trial court's denial of relief on appellant's writ of habeas
corpus. Appellant was convicted in the trial court in cause no. 4868 of the offense of delivery of
a controlled substance, methamphetamine, in an amount less than twenty-eight grams. Texas
Controlled Substances Act, Tex. Health & Safety Code § 481.112 (West 1992). Punishment was
assessed by the jury at confinement for fifteen years. During the punishment phase, the State
introduced evidence of another indicted, but unadjudicated, prior offense of delivery of
methamphetamine. The State now seeks to prosecute appellant for this latter offense. Appellant
filed this application for a writ of habeas corpus contending that he has already been punished for
this offense. The trial court held an evidentiary hearing and overruled appellant's application.

 In two points of error, combined for analysis because of their related nature,
appellant asserts that the State is barred from prosecuting the instant cause under the Fifth and
Fourteenth Amendments to the United States Constitution; Tex. Const. art. I, §§ 10 & 14; Tex.
Penal Code Ann. § 12.45 (West 1974 & Supp. 1993). We will overrule appellant's points of
error and affirm the judgment of the trial court.

 The pivotal issue is whether double jeopardy bars a subsequent prosecution of an
unadjudicated offense used as evidence of misconduct at the punishment hearing for a prior,
unrelated offense. Our courts of appeals have consistently rejected this contention, holding that
consideration of the unadjudicated criminal activity in assessing punishment does not equate to a
trial, conviction, or punishment for the unadjudicated offense. See Lester v. State, 824 S.W.2d
775, 778 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd); Barnes v. State, 839 S.W.2d 118,
121 (Tex. App.--Dallas 1992, pet. ref'd); Davis v. State, 839 S.W.2d 147, 148 (Tex.
App.--Beaumont 1992, no pet.). The Texas Constitution affords appellant no greater right against
double jeopardy than the United States Constitution. See Smith v. State, 842 S.W.2d 401, 405
(Tex. App.--Fort Worth 1992, pet. ref'd).

 Appellant directs our attention to the fact that the trial court placed no limitation
upon the jury's consideration of the unadjudicated offense except that the jury was instructed that
it had to find beyond a reasonable doubt that appellant committed the offense charged. We are
not persuaded by appellant's contention that it was necessary for the trial court to limit the jury's
consideration of such evidence to the appellant's character.

 Appellant urges that the State gave its implied consent to appellant's admission of
guilt of the prior unadjudicated offense thereby barring prosecution of the offense under Tex.
Penal Code Ann. § 12.45 (West 1974 & Supp. 1993). Section 12.45 provides in pertinent part:



(a) A person may, with consent of the attorney for the state, admit during the
sentencing hearing his guilt of one or more unadjudicated offenses and
request the court to take each into account in determining sentence for the
offense or offenses of which he stands adjudged guilty.


 . . .


(c) If a court lawfully takes into account an admitted offense, prosecution is
barred for that offense.



While appellant testified that he committed the unadjudicated offense after the State introduced
evidence of the violation, appellant did not ask that the unadjudicated offense be taken into
account in determining sentence for the offense of which he stands adjudged guilty. Nor did
appellant ask for or receive permission from the prosecutor as required by subsection (a). 
Appellant's points of error are overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Kidd and Davis*

Affirmed

Filed: November 10, 1993

Do Not Publish



















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).