**TRAVIS COUNTY ATTORNEY,**
Appellant,

v.

**J.S.H., Appellee.**

and

**C.E.G.K., Appellee.**

Nos. 03–99–00533–CV, 03–99–00534–CV.

Court of Appeals of Texas, Austin.

Jan. 11, 2001.

Giselle Horton, Asst. County Atty., Austin, for appellant.

Kenneth E. Houp Jr., Austin, for appellees.

Before Justices YEAKEL, PATTERSON and JONES.*

YEAKEL, Justice.

In unrelated causes, J.S.H. and C.E.G.K. both admitted their guilt of charged, unadjudicated offenses during sentencing on other offenses of which they

---

* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment.

stood adjudged guilty. *See* Tex. Penal Code Ann. § 12.45 (West 1994). Each later filed a petition for expunction of all records arising out of her arrest for the unadjudicated offense. *See* Tex.Code Crim. Proc. Ann. art. 55.01 (West Supp. 2000). In these appeals, the Travis County Attorney challenges the orders of expunction granted by the district courts. Because we hold that an admitted, unadjudicated offense does not result in a "final conviction" as that term is used in the expunction statute, we will affirm the judgments in both causes.

## FACTUAL AND PROCEDURAL BACKGROUND

Section 12.45 of the Penal Code allows a defendant facing sentencing to ask the trial court to consider all pending criminal actions in assessing sentence. The section reads:

> (a) A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.
>
> (b) Before a court may take into account an admitted offense over which exclusive venue lies in another county or district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense.
>
> (c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense.

Tex. Penal Code Ann. § 12.45. Under this statute, the defendant may, with permission of the State, admit guilt of one or more unadjudicated offenses, possibly enhancing her sentence for the adjudicated offense. The State is saved the cost and effort of prosecuting the additional offenses while the defendant enjoys the

---

*See* Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

"slate cleaning" benefit of disposing of the additional charges without formal prosecution.

Both J.S.H. and C.E.G.K. invoked this statute when sentenced on misdemeanor offenses. In October 1997 J.S.H. was arrested and charged with two misdemeanor offenses: (1) driving with license suspended ("DWLS") and (2) tampering with a governmental record. She entered a plea of *nolo contendere* to the DWLS offense and, with the State's agreement, admitted her guilt of the unadjudicated tampering offense. The trial court was asked to take the tampering offense into account in determining the sentence on the DWLS offense. J.S.H. was sentenced to ninety days in the Travis County jail and a $500 fine, but the trial court suspended the sentence and placed J.S.H. on community supervision for 180 days.

C.E.G.K.'s case involves two old misdemeanor charges. She was convicted in 1982 on her *nolo contendere* plea to the first misdemeanor.[1] She admitted her guilt of a pending "massage parlor violation" stemming from a 1981 arrest and asked the court to take that admission into account in sentencing her on the adjudicated offense. Although the trial court granted the request and sentenced C.E.G.K. to one day in the Travis County jail and a $150 fine, the unadjudicated charge was never formally dismissed.

Subsequently, both J.S.H. and C.E.G.K. sought to have the admitted, unadjudicated offenses expunged pursuant to article 55.01 of the Code of Criminal Procedure. That section provides, in pertinent part:

(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

----

1. The record does not reflect specifically what offense C.E.G.K. was charged with in the underlying offense, only that the charge was a misdemeanor.

2. Subsection (a)(2)(A), omitted from the quoted language, applies only to felony charges.

. . . .

(2) each of the following conditions exist:

. . . .

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 of this code; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.[2]

Tex.Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp.2000).

J.S.H. and C.E.G.K. both filed petitions for expunction in district court, asking that all records of their arrests for the unadjudicated offenses be delivered to them and that all reference to the arrests be deleted from any repositories. The respective district courts granted relief and ordered the expunctions. The Travis County Attorney appeals these orders, arguing that the requirements of the expunction statute have not been satisfied because the section 12.45 disposition resulted in a "final conviction." Further, the Travis County Attorney urges that allowing expunction of offenses consumed by section 12.45 vitiates the purpose of the expunction statute.

## DISCUSSION

The expunction statute allows records of a misdemeanor arrest to be expunged only if (1) "the charge, if any, has not resulted in a final conviction"; (2) the charge "is no longer pending"; (3) "there was no court ordered community supervision under Article 42.12 of this code"; and (4) "the per-

----

*See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A) (West Supp.2000). Because both defendants were charged with misdemeanor offenses, this subsection is not applicable.

son has not been convicted of a felony in the five years preceding the date of the arrest." *Id.* art. 55.01(a)(2)(B), (C). Of these four criteria, appellants have satisfied three.[3] Issue is joined over whether a charged but unadjudicated offense results in a final conviction. *See id.* art. 55.01(a)(2)(B).

There is no statutory definition of the term "final conviction" in the Code of Criminal Procedure to guide us. With no definition offered in the statute, we are *guided by the principles of statutory construction* in giving meaning to the phrase "resulted in a final conviction" as it is used in the expunction statute. The Code Construction Act controls when interpreting the Code of Criminal Procedure. *See* Tex. Gov't Code Ann. § 311.001–.032 (West 1998); *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 573 (Tex. 1991); *Barbee v. State*, 432 S.W.2d 78, 82 (Tex.Crim.App.1968) (op. on reh'g). The Code Construction Act requires that words and phrases be read in context and construed according to rules of grammar and common usage. *See* Tex. Gov't Code Ann. § 311.011. "When a statute is clear and unambiguous, we apply the plain meaning of its words." *Ex parte Evans*, 964 S.W.2d 643, 646 (Tex.Crim.App.1998) (citing *Ramos v. State*, 934 S.W.2d 358, 364 (Tex.Crim.App.1996)). Thus, the question before us is whether "final conviction" has a "common usage" or "plain meaning."

In a narrow context, the court of criminal appeals has noted that the term "conviction" may mean different things in different statutes. *See id.* at 646–47 (citing *Ex parte Renier*, 734 S.W.2d 349, 365 (Tex. Crim.App.1987) (Teague, J., dissenting)). These cases define "conviction," for purposes of post-conviction motions, to mean a judgment of guilt and an assessment of punishment. *See id.* at 647 (citing *Renier,*

734 S.W.2d at 365 n. 19); *Faurie v. State,* 528 S.W.2d 263, 265 (Tex.Crim.App.1975) ("Within the meaning of these statutes [pertaining to post-conviction motions], an adjudication of guilt does not amount to a 'conviction.' A conviction for the purposes of these statutes is an adjudication of guilt plus an assessment of punishment."). Although these cases may stand for the proposition that an adjudication of guilt alone is not a final conviction, they do not stand for the converse—that there can be a final conviction *without* an adjudication of guilt.

That an adjudication of guilt must precede a final conviction has been clearly stated by the court of criminal appeals. After a discussion of the meaning of "conviction" in various settings, including post-conviction motions, the court left no doubt as to the necessity of such an adjudication: "The foregoing cases reveal that a 'conviction,' regardless of the context in which it is used, *always* involves an *adjudication of guilt.*" *McNew v. State,* 608 S.W.2d 166, 172 (Tex.Crim.App.1978) (emphasis added). The court placed special emphasis on "always" and "adjudication of guilt," making the court's conclusion impossible to misunderstand. Simply put, whether examined in the context of the term's "plain meaning" or in its "common usage," there can be no "final conviction" without an adjudication of guilt.

The State directs us to several cases that it urges support its position that offenses considered but unadjudicated in a section 12.45 proceeding are final convictions for purposes of article 55.01. We disagree that these cases establish a definition of "final conviction" that does not include *McNew's* "adjudication of guilt" requirement. *Lester v. State,* 824 S.W.2d 775 (Tex.App.—Houston [14th Dist.] 1992,

---

**3.** The parties to J.S.H.'s appeal stipulate that she *successfully completed* the 180 days of community supervision she was sentenced to for the DWLS offense. The court was asked to consider J.S.H.'s admitted guilt of the *tampering* charge when it sentenced her to community supervision for the *DWLS* charge. Under these circumstances, we hold that because J.S.H. was sentenced only on the DWLS charge, there was no court-ordered community supervision imposed by virtue of the tampering charge.

pet. ref'd), merely reflects that the defendant could not assert section 12.45 as a bar to a later prosecution because he never admitted that he committed the unadjudicated offense and was thus not entitled to the statute's benefits. *See id.* at 778. *Hilburn v. State*, 946 S.W.2d 885 (Tex.App.—Fort Worth 1997, no pet.), and *Day v. State*, 784 S.W.2d 955 (Tex.App.—Fort Worth 1990, no pet.), both stand clearly for the proposition that unadjudicated section 12.45 offenses are not final convictions. *See* 946 S.W.2d at 886; 784 S.W.2d at 957–58. *Perea v. State*, 870 S.W.2d 314 (Tex. App.—Tyler 1994, no pet.), equates the language of rule of evidence 609(a)[4] with Code of Criminal Procedure article 37.07[5] to arrive at the dubious conclusion that rule 609(a) allows "a witness in a criminal case [to] be impeached by evidence of offenses taken into consideration in sentencing since their prosecution is finally concluded by the judgment of conviction in the main case." *Id.* at 318. The court reaches this result in spite of the fact that article 37.07 is much broader than rule 609(a) and allows the introduction of "the prior criminal record of the defendant," while the rule only allows evidence "that he has been *convicted* of a crime." *Compare* Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp.2000), *with* Tex.R. Evid. 609(a) (emphasis added). *Whalon v. State*, 725 S.W.2d 181 (Tex.Crim.App.1986), appears to say that because the defendant's admission of guilt of the unadjudicated offense becomes part of the judgment of conviction in the adjudicated offense, the unadjudicated offense is therefore part of the defendant's *criminal record* and is admissible

under article 37.07.[6] *See id.* at 195. However, *Whalon's* holding does not rationally lead to *Perea's* consequence that the unadjudicated offense standing alone is a final conviction. The code and the rule do not so conveniently overlay.

Finally, the State directs us to a series of cases holding that a person who is arrested, admits guilt to an offense, and receives community supervision as a punishment is not entitled to expunction. *See J.T.S.*, 807 S.W.2d at 574; *Texas Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526–27 (Tex.App.—San Antonio 1997, no writ); *State v. Knight*, 813 S.W.2d 210, 212 (Tex.App.-Houston [14th Dist] 1991, no writ). These cases do not aid the State, as they all involve the "community supervision" clause of article 55.01(a)(2)(B). *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(B) (condition for expunction is "there was no court ordered community supervision" as punishment for charge sought to be expunged). None addresses the meaning of "final conviction."

### CONCLUSION

 We hold that "final conviction," as that term is used in article 55.01(a)(2)(B) of the Code of Criminal Procedure, requires that there have been an adjudication of guilt of the offense charged. Therefore, the admitted unadjudicated offenses considered by the trial courts in assessing appellants' punishments for adjudicated offenses in the proceedings conducted pursuant to section 12.45 of the Penal Code may be expunged. In so holding, we observe that if

---

4. Tex.R. Evid. 609(a) (former Tex.R.Crim. Evid. 609(a)).

5. Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp.2000).

6. The *Whalon* court notes that when a trial court takes account of an admitted but unadjudicated offense in assessing punishment, "[i]t is logical that ... it should be included in the formal judgment." *Whalon v. State*, 725 S.W.2d 181, 195 (Tex.Crim.App.1986). The court then reaches its conclusion by posing a

question: "And is this then not a part of the defendant's prior criminal record and admissible under Article 37.07 ... ?" *Id.; see also Woodard v. State*, 931 S.W.2d 747, 750 (Tex. App.—Waco 1996, no pet.) (offenses admitted to enhance sentencing on conviction "became part of the judgment and part of [defendant's] criminal record"); *Murray v. State*, 840 S.W.2d 675, 679 (Tex.App.—Tyler 1992, no pet.) (admitted but unadjudicated offenses became "part of the judgment of conviction [in adjudicated offense], admissible as part of [defendant's] criminal record").

indeed it was not the intention of the legislature that unadjudicated offenses taken into account by a trial court in assessing punishment in section 12.45 proceedings be subject to expunction, it will be a simple matter for that body to amend article 55.01 of the Code of Criminal Procedure to so provide.[7] We therefore overrule the State's issues and affirm the judgments of the district courts.

J. WOODFIN JONES, Justice (Assigned).

The majority holds that an admitted, unadjudicated offense, when taken into account under section 12.45 of the Penal Code in determining the sentence for an offense of which the defendant stands adjudged guilty, does not "result in" a "final conviction" as those terms are used in the expunction statute, article 55.01 of the Code of Criminal Procedure. *See* Tex. Penal Code Ann. § 12.45 (West 1994); Tex.Code Crim. Proc. Ann. art. 55.01 (West Supp.2001). Because I disagree with this conclusion, I respectfully dissent.

The majority bases its holding on the self-evident proposition that there cannot be a final conviction without an adjudication of guilt. *See McNew v. State*, 608 S.W.2d 166, 172 (Tex.Crim.App.1978). I agree with that proposition, but I do not believe it is material to the issue at hand.

**THE LANGUAGE OF THE STATUTE**

Courts construing section 12.45 have reached contrary conclusions on whether the offense consumed by that provision—the unadjudicated offense—results in a "final conviction," depending upon the context in which the case arises. *Compare Perea v. State*, 870 S.W.2d 314, 318 (Tex. App.—Tyler 1994, no pet.) (witness in

criminal case may be impeached by evidence of section 12.45 offenses since prosecution of unadjudicated offense was "finally concluded by judgment of conviction" in primary case), *and Lester v. State*, 824 S.W.2d 775, 778 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (jeopardy attaches and prosecution of offense admitted under section 12.45 is prevented), *with Hilburn v. State*, 946 S.W.2d 885, 886 (Tex.App.—Fort Worth 1997, no pet.) (because there is no "judgment of conviction," defendant does not have right to appeal section 12.45 disposition), *and Day v. State*, 784 S.W.2d 955, 957–58 (Tex.App.—Fort Worth 1990, no pet.) (admitted section 12.45 offense is not grounds to disqualify juror because juror does not stand convicted of the unadjudicated offense).

The majority reads article 55.01(a)(2)(B) of the Code of Criminal Procedure as if it said that expunction is available as long as the unadjudicated charge has not resulted in a final conviction *of that particular offense*. The statute contains no such requirement, however. Rather, the provision is worded in such a way that expunction is available if the unadjudicated offense has resulted in *any* final conviction. "Result in" simply means to cause or produce. As the majority itself notes, the assessment of punishment is an essential part of a final conviction.

Several courts have held that when a trial court takes an admitted, unadjudicated offense into consideration for sentencing on the adjudicated offense, the unadjudicated offense becomes an integral part of the final judgment of conviction in the adjudicated offense. Indeed, the court of criminal appeals has stated:

> he likewise does not believe that the legislature intended that expunction be available in cases like these. Perhaps the legislature did not consider section 12.45 when it enacted article 55.01. We do not know. We believe that it is better left to the legislature to correct article 55.01 if in fact it did not intend unadjudicated section 12.45 offenses to be subject to expunction.

7. The district judge who granted C.E.G.K.'s petition observed in a letter to counsel, "I do not believe that the Legislature, if they had considered the matter, would desire to have cases that were disposed of via 12.45 expunged; however, I believe that I am compelled to base my decision on the language of the statute and thus must grant the relief your client has requested." The dissent states that

Under ... § 12.45 a defendant must admit his guilt of an unadjudicated offense before it can be taken into account for assessing punishment for a charged offense. Such admission, when taken into account, will bar prosecution for the admitted unadjudicated offense. It is logical that when such action is taken it should be included in the formal judgment.

*Whalon v. State,* 725 S.W.2d 181, 195 (Tex. Crim.App.1986) (op. on reh'g); *see also Woodard v. State,* 931 S.W.2d 747, 750 (Tex.App.—Waco 1996, no pet.) (offenses admitted to enhance sentencing on conviction "became part of that judgment and part of [defendant's] criminal record"); *Murray v. State,* 840 S.W.2d 675, 679 (Tex. App.—Tyler 1992, no pet.) (where defendant had admitted guilt to four offenses and asked that admissions be taken into consideration in sentencing on adjudicated offense, those admitted offenses became "part of the judgment of conviction, admissible as part of [defendant's] criminal record").

I agree with those courts holding that a defendant's admission of guilt of an unadjudicated offense becomes an integral part of the judgment of conviction of the adjudicated offense. Such a judgment obviously is a final conviction of the *adjudicated offense.* In the present case, because the admissions of guilt of the unadjudicated offenses were considered in determining the punishment for the adjudicated offenses and became an integral part of those judgments, the unadjudicated offenses necessarily "resulted in a final conviction" as that phrase is used in the expunction statute. Accordingly, J.H.S. and C.E.G.K. have not satisfied the requirements of article 55.01(a)(2) and are not entitled to expunction of their arrest records.

### POLICY CONCERNS

Moreover, I believe the majority's holding subverts the narrow purpose of the expunction statute. When interpreting a statute, whether or not ambiguous, a court may consider the object sought to be obtained. *See* Tex. Gov't Code Ann. § 311.023(1) (West 1998). Article 55.01 expressly states that where the charged offense is a *felony,* expunction is available only if no charges were brought or, if the person has been presented with an indictment or information, "the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void." Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A). Thus, for felonies, the plain language of the statute clearly limits the availability of expunction to charges lacking probable cause or stemming from wrongful arrests.

Courts addressing the legislative intent behind article 55.01 have extended the same rationale when applying that article to misdemeanor offenses as well. For example, where a person sought expunction of a misdemeanor charge of possession of a controlled substance, the supreme court wrote that "[t]he legislature intended section 55.01 to permit the expunction of *wrongful arrests." Harris County Dist. Attorney's Office v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991) (emphasis added); *see also State v. Knight,* 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ) (where person sought expunction of one misdemeanor and two felony charges, "[a]rticle 55.01 was enacted to enable persons who are wrongfully arrested to expunge their arrest records"). There is no allegation or proof in this record that J.S.H. or C.E.G.K. was wrongfully arrested for the unadjudicated offenses. Quite the contrary, both *admitted their guilt* of the charges.

Finally, I believe that complete and accurate records of past criminal activity serve an important public purpose. As the supreme court explained in *J.T.S.:*

[A] court may consider the consequences that may flow from a particular construction, presuming that a just and reasonable result is intended and that the public interest is to be favored over any private interest. . . . The public has an important interest in arrest records being kept for use in subsequent punishment proceedings, including subsequent applications for probation. These records are valuable to document and deter recidivism.

*J.T.S.*, 807 S.W.2d at 574. To allow expunction of all records of *admitted crimes* would deny a valuable resource to law enforcement officials and other members of the criminal justice community. I cannot believe that the legislature intended to make expunction available in cases such as the present ones.

I would hold that J.S.H. and C.E.G.K. are not entitled to expunction of records related to the admitted, unadjudicated offenses and would reverse the judgments of the trial courts and render judgment in both causes denying expunction.