# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-08-00241-CV
---

**Travis County District Attorney, Appellant**

**v.**

**M.M., Appellee**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-EX-07-000600, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**
---

## O P I N I O N

M.M. was arrested for driving while intoxicated (DWI), resisting arrest, and assaulting a peace officer. As part of a plea deal, the Travis County Attorney dropped the DWI charge, M.M. pleaded nolo contendere to the resisting-arrest charge, and M.M. admitted guilt of the assault charge and asked the trial court to take it into account in sentencing her on the resisting-arrest charge. *See* Tex. Penal Code Ann. § 12.45 (West 2003) ("section 12.45") (defendant may admit guilt of unadjudicated offense and have it taken into account during sentencing on other offense of which defendant is adjudged guilty). The court sentenced M.M. to two years of deferred-adjudication community supervision. *See* Tex. Crim. Proc. Code Ann. art. 42.12 § 5 (West Supp. 2009). After completing her sentence, M.M. filed a petition seeking to expunge all records and files relating to her DWI and assault charges. *See id*. art. 55.01 (West Supp. 2009) ("article 55.01"). The Travis County Attorney, the Travis County District Attorney, and the Texas Department of Public

Safety opposed the expunction, arguing that M.M. did not meet the statutory criteria for expunction. The trial court granted M.M.'s expunction petition, and the District Attorney appealed. We will affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are undisputed. In 2004, a state trooper pulled over M.M. for traffic violations. M.M. refused to perform field sobriety tests and then resisted when the trooper attempted to take her into custody. It ultimately took three officers to restrain and handcuff M.M. Later, when the officers attempted to transfer M.M. from one patrol car to another, M.M. bit one of them on the head.

A Travis County grand jury indicted M.M. for felony assault of a peace officer, and the Travis County Attorney charged M.M. by information with misdemeanor DWI and misdemeanor resisting arrest. After plea negotiations, the following deal was reached:

- M.M. would plead nolo contendere to the resisting-arrest charge.

- M.M. would admit guilt of the assault charge and ask the court to factor it into her sentence for the resisting-arrest charge. *See* Tex. Penal Code § 12.45 (if prosecutor agrees, defendant may admit guilt of unadjudicated offense and ask court to take it into account during sentencing on other offense of which defendant is adjudged guilty).

- The County Attorney would dismiss the DWI charge.

To carry out its part of the deal, the County Attorney filed a form motion to dismiss the DWI charge in the trial court. The County Attorney checked a box on the form indicating that the reason for dismissal was that "[t]he defendant was convicted in another case." The court

2

accepted M.M.'s nolo contendere plea on the resisting-arrest charge and agreed to take her felony-assault admission into account during sentencing. *See id.* The court sentenced M.M. to two years' deferred-adjudication community supervision. *See* Tex. Crim. Proc. Code art. 42.12 § 5.

M.M. completed her community supervision without incident, and in 2007 she filed a petition to expunge "any and all records" relating to her DWI and assault charges.[1] In support of her petition, she alleged that she satisfied all statutory prerequisites to expunction of those charges. *See* Tex. Crim. Proc. Code art. 55.01. The County Attorney, the District Attorney, and the Department of Public Safety opposed the petition for expunction, arguing that M.M. did not meet the statutory criteria for expunction. At a hearing on the petition, the County Attorney took the position that the DWI charge was expungible[2] but maintained that M.M. had not satisfied the statutory prerequisites for expunction of the assault charge.

The trial court ordered all records relating to the DWI and assault charges expunged. The District Attorney appealed. On appeal, the District Attorney reargues that M.M. did not satisfy the statutory prerequisites for expunction of her assault charge. She also argues, in contrast to the County Attorney's trial-court position, that M.M. did not satisfy the statutory prerequisites for expunction of her DWI charge either.

---

[1] She did not seek to expunge the records relating to her resisting-arrest charge because expunction is not available for charges that result in a sentence of deferred-adjudication community supervision. *See Texas Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 282 (Tex. App.—Corpus Christi 2007, no pet.).

[2] The County Attorney stated: "Judge, we're actually not going to contest the expunction of the DWI. We're going to go ahead and concede that."

## STANDARD OF REVIEW

We apply an abuse-of-discretion review standard to trial court rulings on petitions for expunction. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it orders expunction despite a petitioner's failure to satisfy all of the conditions imposed by article 55.01. *See Texas Dep't of Pub. Safety v. Fredericks*, 235 S.W.3d 275, 281 (Tex. App.—Corpus Christi 2007, no pet.) ("The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply.") (citing *Ex parte Stiles*, 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied)); *see also Texas Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.) (courts have no power to extend right to expunction beyond that allowed by statute).

## DISCUSSION

The District Attorney raises two issues on appeal, both of which turn on the interpretation of subsections of article 55.01. First, she argues that the trial court erred in ordering M.M.'s assault charge expunged because M.M. did not satisfy subsection (a)(2)(A). Second, she argues that the trial court erred in ordering M.M.'s assault and DWI charges expunged because M.M. did not satisfy subsection (a)(2)(B). We will address these issues in turn.

### *Subsection (a)(2)(A) of Article 55.01*

Article 55.01 states in relevant part:

4

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex. Crim. Proc. Code art. 55.01. Under a plain reading of subsection (a)(2)(A), M.M.'s felony assault charge was expungible only if the charging indictment was "dismissed or quashed." The record clearly shows that the indictment was not quashed (and neither party contends it was). *See id*. art 28.05 (West 2006) (indictment is "quashed" when court sustains exception to it or sustains motion to set it aside).

5

Similarly, the State did not file a motion to dismiss the assault charge. *See* Tex. Crim. Proc. Code Ann. art. 32.02 (West 2006). Rather, pursuant to Texas Penal Code section 12.45, the trial court took the charge into account when sentencing M.M. on the resisting-arrest charge. Section 12.45 states:

> a) A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.
>
> (b) Before a court may take into account an admitted offense over which exclusive venue lies in another county or district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense.
>
> (c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense.

Tex. Penal Code § 12.45. Pursuant to this statute, M.M. admitted guilt of her unadjudicated assault charge, and the court took that admission into account in sentencing M.M. on her resisting-arrest charge.[3] The question we must answer is whether M.M.'s utilization of this statute means that M.M.'s assault charge was "dismissed" for purposes of article 55.01(a)(2)(A).

---

[3] M.M. filed a motion with the court entitled "Motion Requesting Court to Consider Admitted Unadjudicated Offenses During Sentencing." After listing M.M.'s assault charge, the motion stated "[t]hat the defendant hereby admits his guilt in each of the above mentioned unadjudicated causes" and asked the court "to take into account each of the above mentioned unadjudicated offenses in determining sentencing." The court granted the motion by signing it at the bottom. No part of the motion—neither the body of it nor the part constituting the order granting the motion—mentions dismissal.

6

We hold that it does not. Although article 55.01 does not define the term "dismissed,"[4] the term clearly does not apply to charging instruments considered under section 12.45. First, section 12.45 says nothing about charges being "dismissed"; it speaks only of charges being "taken into account" during sentencing. We interpret statutes on the basis of what they say, not what they leave out. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 628 (Tex. 2008) ("It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose . . . [and] we believe every word excluded from a statute must also be presumed to have been excluded for a purpose.") (internal quotation marks omitted). Put another way, dismissal is a specific legal procedure with specific legal effects that we cannot read into the exceedingly general phrase "take into account."[5] *See Lee v. City of Houston*, 807 S.W.2d 290, 295 (Tex. 1991) ("A court may not judicially amend a statute and add words that are not implicitly contained in the language of the statute.").

---

[4] The Fourteenth Court of Appeals has examined the meaning of "dismissed" in article 55.01. *See Harris County Dist. Attorney's Office v. R.R.R.*, 928 S.W.2d 260, 262-64 (Tex. App.—Houston [14th Dist.] 1996, no writ). Its analysis is inapplicable here, though, as it concerned the narrow question of whether an indictment was expungible if quashed rather than "dismissed." *See Ex parte Thomas*, 956 S.W.2d 782, 787 (Tex. App.—Waco 1997, pet. denied) (*R.R.R.*'s holding was that "the quashing of an indictment is tantamount to a dismissal for purposes of article 55.01."). That question was mooted when the legislature amended article 55.01(a)(2)(A) to expressly allow expunction of "dismissed or quashed" indictments. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237.

[5] This is also why we reject M.M.'s argument that section 12.45 must result in dismissal because no other obvious disposition (quashal, acquittal, or conviction) fits better. Nothing about the statute—or any other statute, for that matter—suggests that the section-12.45 procedure must qualify as a pre-existing kind of disposition. Indeed, the choice of the nonspecific phrase "take into account" suggests that the legislature intended section 12.45 to operate differently from dismissals, quashals, acquittals, and convictions. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 628 (Tex. 2008).

7

Second, it is "well settled" that when a charging instrument is "dismissed," "the person accused thereunder is, in law, discharged from the accusation against him; there is, concomitant to such dismissal, no case pending against the accused." *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980). When a charging instrument is considered under section 12.45, in contrast, the accused is not "discharged from the accusation" against her. Rather, the indictment remains an active charge—i.e., there is still a "case pending against the accused." This is evidenced by two facts.

First, by its plain terms, section 12.45 does not affect the existence of an indictment considered under it; it simply results in the indictment being "taken into account." Second, section 12.45(c), which bars further prosecution of charges processed under the statute, would be superfluous if the very act of processing a charge under the statute operated as a dismissal. *See City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006) (courts must not interpret statute in manner that renders part of it superfluous).

The State and M.M. both suggest that we could simply import a definition of "dismissed" from another context—namely, appeals by the State. Texas Code of Criminal Procedure article 44.01 says that "[t]he [S]tate is entitled to appeal an order of a court in a criminal case if the order . . . dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." Tex. Crim. Proc. Code Ann. art. 44.01(a)(1) (West Supp. 2009). The Court of Criminal Appeals has held that a prosecution is "dismissed" for purposes of this statute when a trial court order "effectively terminates the prosecution in favor of the defendant." *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991). The court has further explained that "the

8

trial court 'effectively terminates' the prosecution against the accused whenever the effect of its order forces any alteration of the indictment or information before the trial on the merits and the State is not willing to comply with that order." *Id*. at 334. Clearly, nothing of the sort happened here; the order granting M.M.'s motion to proceed under section 12.45 did not "force any alteration" of M.M.'s assault indictment—it merely agreed to take the indictment into account—nor was there any sense in which the State was unwilling to comply with the order. Indeed, the order required the State's consent. *See* Tex. Penal Code § 12.45(a). In short, the definition of "dismissed" that applies to appeals by the State is unhelpful here.

Alternatively, M.M. argues that even if a charge is not technically "dismissed" when considered under section 12.45, it should be treated as though it were "dismissed" for purposes of article 55.01(a)(2)(A). She basis this argument on the contention that considering a charge under section 12.45 "resembles a 'dismissal with prejudice'" in that it bars further prosecution. *See* Tex. Penal Code § 12.45(c).[6] Article 55.01(a)(2)(A) applies to "dismissed" charging instruments, however, not to dispositions that effectively "resemble" a dismissal. It must be remembered that expunction "is not a constitutional or common-law right, but purely a statutory privilege." *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.) (citation

---

[6] M.M. also argues that disposition of her assault charge via section 12.45 resembles a dismissal because if the charge had not been "dismissed," the sentencing court, a county court at law, could not have considered it. *See* Tex. Crim. Proc. Code Ann. art. 4.07 (West 2005) (county courts at law have jurisdiction over misdemeanors only). There is a difference between being able to hear a charge as an original matter, however, and being able to take a charge into account under section 12.45. M.M. illustrated this difference herself when she asked the county court to consider her felony assault charge under section 12.45.

9

omitted).  Thus, "[t]he trial court must strictly comply with the statutory requirements, and has no equitable power to expand the remedy's availability beyond what the legislature has provided."  *Id*.  In recent years, the legislature has chosen to expand the reach of the expunction remedy to include "quashed" indictments,[7] but it has not chosen to include dispositions that "resemble" a dismissal.

Finally, as we recently noted, "a primary purpose" of article 55.01 is to "permit the expunction of records from *wrongful* arrests."  *T.C.R. v. Bell County Dist. Attorney's Office*, 305 S.W.3d 661, 671 (Tex. App.—Austin 2009, no pet.) (emphasis added) (internal quotation marks omitted).  When a defendant admits guilt—a prerequisite to proceeding under section 12.45—she obviously was not "wrongfully arrested" for that charge.  *See Ex parte P.D.H.*, 823 S.W.2d 791, 793 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("In the instant case, appellee pled guilty and by doing so admitted that she was not wrongfully arrested.").  Thus, it would flout a primary purpose of article 55.01 to allow expunction of a felony the commission of which was admitted under section 12.45.  *Cf. Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) ("[T]he expunction law clearly was not 'intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.'") (quoting *Texas Dep't of Public Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. App.—Texarkana 1981, no writ)).

We recognize that some courts have referred to the treatment of a charge under section 12.45 as "dismissal."  *See, e.g.*, *Lopez v. State*, 230 S.W.3d 875, 877 (Tex. App.—Eastland 2007), *aff'd*, 253 S.W.3d 680 (Tex. Crim. App. 2008).  *Cf. Ex parte Karlson*, 282 S.W.3d 118, 127

---

[7] *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237.

(Tex. App.—Fort Worth 2009, pet. ref'd) (charges considered under section 12.45 not eligible for habeas corpus relief because they lack "sufficient collateral consequences to comprise 'confinement' or 'restraint'). In no reported case, however, has a court held that a charge processed under section 12.45 was "dismissed" for purposes of the expunction statute.

In sum, M.M's assault indictment was not expungible because M.M. chose to have it "taken into account" under Texas Penal Code section 12.45.[8] We sustain the District Attorney's first point.

### *Subsection (a)(2)(B) of Article 55.01*

Having concluded that M.M.'s assault indictment was not "dismissed" as required by subsection (a)(2)(A) of article 55.01, we do not need to consider whether the indictment was disposed of in a manner that satisfied subsection (a)(2)(B). *See* Tex. Crim. Proc. Code art. 55.01(a)(2) (expunction available only if subsections (A), (B), and (C) are all satisfied). We do, however, still need to consider whether M.M.'s DWI information was disposed of in a manner that satisfied subsection (a)(2)(B). As stated above, the District Attorney contends that M.M. was not entitled to expunction of the records relating to her DWI charge.

---

[8] This holding does not conflict with our holding in *Travis County Attorney v. J.S.H*, 37 S.W.3d 163 (Tex. App.—Austin 2001, no pet.). There, we held that disposition of a misdemeanor under Texas Penal Code section 12.45 did not result in a "final conviction" for purposes of article 55.01(a)(2)(B). *Id*. at 164. Here, in contrast, we hold that disposition of a felony under section 12.45 does not result in that felony being "dismissed" for purposes of article 55.01(a)(2)(A). We explicitly noted in *J.S.H.* that subsection (a)(2)(A) was not at issue there. *See id*. at 165 n.2. We further address *J.S.H.* below.

11

Before we can address the merits of this argument, we must address whether it was waived by concession in the trial court. As discussed above, the County Attorney stated at a hearing that he would not contest the expungibility of records relating to M.M.'s DWI charge. Even if the County Attorney's concession could bind the District Attorney, however, concessions on matters of law are not binding on courts. *See Long v. State*, 931 S.W.2d 285, 289 (Tex. Crim. App. 1996). This is because courts must correctly apply the law regardless of what the parties say. That being the case, courts have no power to order expunction in circumstances other than those described in article 55.01. *See Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (expunction is statutory privilege, so courts have "no equitable power to extend the protections of the expunction statute beyond its stated provisions"). Thus, the County Attorney's concession on the issue was ineffective; we, like the trial court, must still determine as a matter of law whether M.M.'s DWI-related records were expungible under article 55.01(a)(2)(B).

Again, subsection (a)(2)(B) of article 55.01 reads:

> A person who has been placed under . . . arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . . . the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor.

Tex. Crim. Proc. Code art. 55.01(a)(2)(B). Interpreting this requirement is complicated here because M.M. was arrested once, charged with three separate crimes, and now seeks expunction of the records relating to two of those crimes. Section (a)(2)(B) appears to contemplate cases in which defendants are arrested for a single crime and charged with only that crime. *See id.* ("A person who

12

has been placed under . . . arrest for commission of *either a* felony *or* misdemeanor is entitled to have all records and files relating to *the arrest* expunged if . . . . the person has been released and *the charge*, if any, has not resulted in a final conviction . . . .") (emphasis added). The issue we must address, then, is whether the records relating to a misdemeanor charge are expungible when that charge is dismissed but another misdemeanor charge arising from the same arrest results in a final conviction.[9]

We believe that they are. We begin our analysis with the proposition that a primary purpose of article 55.01 is "to permit the expunction of records of *wrongful arrests*." *J.T.S.*, 807 S.W.2d at 574 (emphasis added). Because M.M.'s arrest was not altogether "wrongful"—M.M. pleaded nolo contendere to one charge arising from it and asked the court to treat another charge arising from it under section 12.45—the District Attorney argues that no records relating to the arrest should be expungible. Such an approach, however, potentially yields absurd results. If, for example, a person were legitimately arrested for a misdemeanor offense and then, while in custody, erroneously charged with an unrelated capital felony, a conviction on the misdemeanor would bar expunction of the felony even if the latter were quickly dismissed as totally baseless. Such a result is an obvious affront to the legislative intent behind article 55.01.

A more logical way to approach article 55.01(a)(2)(B) is to parse the word "arrest" between charges. Under this approach—which we will call the "charge-based" approach to contrast

---

[9] We considered a related issue in *J.S.H.*, 37 S.W.3d at 164. There, the question was whether a charge disposed of via section 12.45 "resulted in a final conviction" for purposes of article 55.01(a)(2)(B). *Id.* We held that it did not. *Id.* That issue is not exactly what we face here, however, because M.M's DWI charge was not disposed of via 12.45; rather, it was dismissed. Nonetheless, as explained below, we find parts of *J.S.H.*'s analysis applicable.

13

it with the "arrest-based" approach advocated by the District Attorney—expunction is available for any charge that has not *itself* "resulted in a final conviction," is not *itself* "still pending," and has not *itself* resulted in "court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor." Tex. Crim. Proc. Code art. 55.01(a)(2)(B).

The charge-based approach has several points to recommend it. First, it avoids the absurd result discussed above. Second, it accords with *Travis County Attorney v. J.S.H.*, 37 S.W.3d 163 (Tex. App.—Austin 2001, no pet.), wherein we held that a charge disposed of via section 12.45 does not "result in a final conviction" under article 55.01(a)(2)(B) because that charge *itself* is "unadjudicated" (even though the charge whose sentence it factors into *does* result in a final conviction). *Id.* at 167 ("We hold that 'final conviction,' as that term is used in article 55.01(a)(2)(B) of the Code of Criminal Procedure, requires that there have been an adjudication of guilt *of the offense charged*.") (emphasis added). Third, the charge-based approach makes the most sense out of the literal language of article 55.01(a)(2)(B). *See* Tex. Crim. Proc. Code art. 55.01(a)(2)(B) ("A person who has been placed under . . . arrest for commission of *either a* felony *or* misdemeanor is entitled to have all records and files relating to the arrest expunged if . . . . the person has been released and *the charge*, if any, has not resulted in a final conviction . . . .") (emphasis added).

The District Attorney argues that, on the contrary, the charge-based approach actually conflicts with the literal language of article 55.01(a)(2)(B). Once again, the statute reads:

> the person has been released and *the charge, if any*, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 *for any offense* other than a Class C misdemeanor.

14

Tex. Crim. Proc. Code art. 55.01(a)(2)(B) (emphasis added). The District Attorney argues that the italicized portions support an arrest-based interpretation because they seem to comprehend multiple charges arising out of a single arrest. That is to say, the District Attorney interprets the phrase "the charge, if any" to mean something like "any charge related to the arrest." Similarly, she interprets the phrase "for any offense" to mean something like "for any offense related to the arrest." We agree that the italicized portions are consistent with these arrest-based interpretations. They are equally consistent, however, with charge-based interpretations. For example, "the charge, if any" can mean something like "the charge, if in fact the charge was actually brought rather than dismissed." Similarly, "for any offense" can mean something like "for the charge if it resulted in a conviction of any offense."

These charge-based interpretations are not merely consistent with the statute's literal language; they also avoid the above-discussed problems that result from an arrest-based interpretation. Thus, they are preferable. *See Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009) (courts should avoid statutory interpretations that yield absurd results). The District Attorney argues, however, that they lead to a different problem: an irreconcilable conflict with article 55.01(c).[10] That provision reads:

> A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court or the

---

[10] M.M. argues that we do not need to reach this issue because article 55.01(c) does not apply here. Even if she is correct, that does not mean we should ignore article 55.01(c) if our interpretation of article 55.01(a)(2)(B) would conflict with it. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (courts should not construe statutes in manner that creates conflict with other statutes).

15

court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

Tex. Crim Proc. Code Ann. art. 55.01(c) (West Supp. 2009). Penal Code section 3.01, in turn, defines "criminal episode" as

the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann. § 3.01 (West 2003). The District Attorney argues that

if [, as article 55.01(c) indicates,] the Legislature did not intend to permit expunction of a charge after *acquittal* when the petitioner was convicted of another offense arising out of the same criminal episode, then it cannot have intended that [, as follows from a charge-based interpretation of subsection (a)(2)(B),] a charge [is] expunction-eligible after it was *dismissed* . . . when the petitioner was convicted of another offense arising out of the same criminal episode.

(Emphasis added.)

This supposed conflict does not persuade us to abandon the charge-based approach to article 55.01(a)(2)(B). Article 55.01(c) says nothing about dismissals. Thus, we cannot presume that the Legislature wanted dismissals and acquittals treated the same way in criminal-episode cases.[11] *See Lee*, 807 S.W.2d at 295 ("A court may not judicially amend a statute and add words that

---

[11] This conclusion does not conflict with *Addicks v. State*, No. 03-06-00114-CV, 2007 Tex. App. LEXIS 2162 (Tex. App.—Austin Mar. 21, 2007, no pet.) (mem. op.). In *Addicks* we

are not implicitly contained in the language of the statute."). As a result, we cannot conclude that a charge-based approach to article 55.01(a)(2)(B) impermissibly "conflicts" with article 55.01(c) just because it entails different treatments for acquittals and dismissals in criminal-episode cases.[12]

In sum, we conclude that subsection (a)(2)(B) of article 55.01 requires a charge-based analysis. Under such an analysis, M.M.'s DWI charge meets the requirements of subsection (a)(2)(B) because it has not itself resulted in a final conviction, is not itself still pending, and did not itself result in court-ordered community supervision. *See* Tex. Crim. Proc. Code art. 55.01(a)(2)(B). M.M.'s DWI charge meets the other statutory prerequisite to expunction as well, as the parties agree that M.M. was not "convicted of a felony in the five years preceding the date of the arrest." *Id*. art. 55.01(a)(2)(C).[13] Thus, the records relating to M.M.'s DWI charge are expungible. The District Attorney's second point of error is overruled as to that charge.

### CONCLUSION

M.M. was not entitled to expunction of her felony assault charge because it was factored into the sentence on her resisting-arrest charge pursuant to Texas Penal Code section 12.45. M.M. was, however, entitled to expunction of her misdemeanor DWI charge because it was

---

"assume[d] for the purposes of argument that the State's abandonment of one count of the indictment was the equivalent of an acquittal" under article 55.01(c). *Id*. at *8. This assumption, undertaken strictly for purposes of disposition of the case, is not a holding, let alone one that requires dismissals must be treated like acquittals under article 55.01(c).

[12] We do not mean to suggest that this is a criminal-episode case; we do not reach that issue, as it does not affect our conclusion.

[13] The other subsection of article 55.01(a)(2) that contains prerequisites for expunction, (a)(2)(A), does not apply to M.M.'s misdemeanor DWI charge. *See* Tex. Crim. Proc. Code art. 55.01(a)(2)(A) (subsection (a)(2)(A) applies only to felonies).

dismissed.  We affirm the part of the expunction order concerning the DWI charge, but we reverse the portion concerning the assault charge.  This disposition applies to all State agencies that possess records related to M.M.'s criminal charges.  *See Ex parte Elliot*, 815 S.W.2d 251, 251 (Tex. 1991) (per curiam) (reversal of expunction order encompasses not just agency that appealed, but all agencies that possess relevant criminal records).

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed in part; Reversed in part

Filed:   August 6, 2010